Richmond County Clerk's Index No. 85165/2017

# 𝔑𝔢𝔴 𝔜𝔬𝔯𝔨 𝔖𝔲𝔭𝔯𝔢𝔪𝔢 ℭ𝔬𝔲𝔯𝔱
# 𝔄𝔭𝔭𝔢𝔩𝔩𝔞𝔱𝔢 𝔇𝔦𝔳𝔦𝔰𝔦𝔬𝔫: 𝔖𝔢𝔠𝔬𝔫𝔡 𝔇𝔢𝔭𝔞𝔯𝔱𝔪𝔢𝔫𝔱

In the Matter of the Application of

ROSALIE CARDINALE,

*Petitioner-Respondent,*

*against*

THE NEW YORK CITY DEPARTMENT OF EDUCATION,

*Respondent-Appellant.*

Docket No.
2018-5875

## BRIEF FOR APPELLANT

ZACHARY W. CARTER
*Corporation Counsel
of the City of New York*
Attorney for Appellant
100 Church Street
New York, New York 10007
212-356-0855 or -2502
kpark@law.nyc.gov

CLAUDE S. PLATTON
KATHY CHANG PARK
  *of Counsel*

February 1, 2019

Reproduced on Recycled Paper

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES...........................................................ii

PRELIMINARY STATEMENT.................................................. 1

QUESTION PRESENTED............................................................ 2

STATEMENT OF THE CASE ...................................................... 2

    A. The Legislature's decision to transfer the employing board's powers under § 3020-a to the Chancellor for disciplinary proceedings arising out of New York City public schools ......................................................... 2

    B. This article 75 proceeding ............................................ 5

ARGUMENT ................................................................................ 8

    SUPREME COURT ERRED IN VACATING THE ARBITRATION AWARD ................................................... 8

    A. The statutory text and history make plain that a school board vote on probable cause was not a jurisdictional requirement in Cardinale's disciplinary proceeding.................................................. 9

    B. Supreme Court erred by failing to consider proof of the delegations offered in support of DOE's motion to renew........................................................................ 14

CONCLUSION............................................................................ 19

CERTIFICATE OF COMPLIANCE........................................... 20

STATEMENT PURSUANT TO CPLR 5531.............................. 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Matter of Avella v. City of New York*,
　29 N.Y.3d 425 (2017) ............................................................... 10

*Matter of Clarke v. N.Y.C. Dep't of Educ.*,
　144 A.D.3d 500 (1st Dep't 2016) ......................................... 17, 18

*DaimlerChrysler Corp. v. Spitzer*,
　7 N.Y.3d 653 (2006) ............................................................. 9, 10

*Matter of Dodge*,
　25 N.Y.2d 273 (1969) ................................................................ 17

*Garzilli v. Mills*,
　250 A.D.2d 131 (3d Dep't 1998) ................................. 4, 11, 12, 13

*Matter of Lindo v. Ponte*,
　150 A.D.3d 1244 (2d Dep't 2017) .............................................. 17

*Miller v. Duffy*,
　162 A.D.2d 438 (2d Dep't 1990) ................................................ 16

*Mollin v. Cty. of Nassau*,
　2 A.D.3d 600 (2d Dep't 2003) .............................................. 15, 16

**Statutes**

Educ. Law § 2590-h ................................................................. *passim*

Educ. Law § 3020-a ................................................................. *passim*

**Other Authorities**

Bill Jacket, L. 1996, ch. 720 ...................................................... 4, 11

Bill Jacket, L. 1998, ch. 385 ...................................................... 4, 11

# PRELIMINARY STATEMENT

In this article 75 proceeding, Supreme Court, Richmond County (Green, J.), vacated an independent arbitrator's determination that petitioner Rosalie Cardinale should be dismissed from employment as a New York City public school teacher. Without affording the Department of Education the opportunity to submit an answer, the court threw out the results of a six-day hearing based on its mistaken view that, in the absence of a school board vote on probable cause, the arbitrator lacked jurisdiction to entertain the charges. Compounding its error, the court denied DOE's motion to renew, which presented evidence confirming the arbitrator's jurisdiction beyond a doubt.

This Court should reverse. The plain text and history of the relevant Education Law provisions unambiguously establish that in the New York City public school system, it is the responsibility of the Chancellor—and not the school board—to determine whether there is probable cause to press disciplinary charges. It is equally clear under the statute that the Chancellor is permitted to delegate this authority to certain subordinate officials.

Supreme Court thus erred by granting the petition outright. The court should have either considered proof that these delegations had occurred under Chancellor Carmen Farina (the Chancellor in office at the time of Cardinale's disciplinary proceeding) when DOE offered it in support of its motion for leave to renew, or permitted DOE to submit the delegations with an answer to the petition.

## QUESTION PRESENTED

Where the Education Law's text and history confirm that principals may press disciplinary charges without a school board's vote on probable cause pursuant to delegations of authority from the Chancellor and superintendents, did Supreme Court err by failing to consider DOE's proof of the delegations, either on the motion for leave to renew or through an answer?

## STATEMENT OF THE CASE

**A.  The Legislature's decision to transfer the employing board's powers under § 3020-a to the Chancellor for disciplinary proceedings arising out of New York City public schools**

New York's statutory scheme for disciplining tenured teachers includes a provision that requires the "employing board,

in executive session," to determine by vote whether probable cause exists to initiate a disciplinary proceeding. Educ. Law § 3020-a(2). In most disciplinary proceedings against tenured teachers (also known as § 3020-a proceedings), this vote is a precondition to bringing charges.

By legislative design, however, this requirement operates differently in disciplinary proceedings brought against tenured New York City public school teachers. The City's school system is structured unlike the rest of the state's districts: among other unique features, it has a Chancellor who oversees day-to-day operations and personnel matters. *Id.* § 2590-h. Consistent with the Chancellor's role, the Legislature has expressly committed to the Chancellor the authority to exercise the employing board's § 3020-a powers, *id.* § 2590-h(38), as well as the option to delegate such powers to superintendents of community districts, *id.* § 2590-h(19), who may then delegate such powers to school principals, *id.* § 2590-f(1)(b).

The decision to transfer the employing board's § 3020-a powers to the Chancellor can be traced back to the Legislature's

1996 overhaul of the City's school governance system. Responding to reports of widespread abuses and mismanagement in the City's schools, the Legislature decided to strengthen the Chancellor's ability to remedy the system by removing certain executive and administrative powers from community school boards and transferring them to the Chancellor and community superintendents. Bill Jacket, L. 1996, ch. 720, Gov. Program Bill Memo.; *see also Garzilli v. Mills*, 250 A.D.2d 131, 133 (3d Dep't 1998).

Two years later, the Legislature passed clarifying amendments. The Legislature recognized, among other things, that the 1996 legislation had "inadvertently failed to change an existing statutory provision that required school boards—instead of superintendents—to vote on charges before cases could go to a disciplinary hearing," Bill Jacket, L. 1998, ch. 385, Budget Rpt., at 2. To fix this oversight, the Legislature added a provision expressly empowering the Chancellor "to exercise all of the duties and responsibilities of the employing board as set forth in [§ 3020-a] with respect to any member of the teaching or supervisory staff

of schools under the jurisdiction of the community boards." Educ. Law § 2590-h(38). The Legislature also added a provision authorizing community superintendents "to exercise all of the duties and responsibilities of the employing board as set forth in [§ 3020-a] pursuant to a delegation of the chancellor under [§ 2590-h]." *Id.* § 2590-h(19). And the Legislature deleted the relevant portions of § 2590-j requiring charges to be filed with the community school boards.

Following the passage of these amendments, every Chancellor—including Chancellor Farina, who was in office at the time of Cardinale's disciplinary proceeding—has delegated his or her power to prefer § 3020-a charges against tenured teachers to community superintendents (*see* Record on Appeal ("R") 1458). *Id.* § 2590-h(19). The superintendents have in turn delegated this power to school principals (*see* R1459). *Id.* § 2590-f(1)(b).

## B.  This article 75 proceeding

Petitioner Rosalie Cardinale is a former tenured teacher who taught special education at DOE schools for 17 years (R58). In 2017, DOE filed disciplinary charges against her based on

persistent deficiencies in her teaching performance over a four-year period (R132-34).

At the outset of her § 3020-a hearing, Cardinale moved to dismiss the charges on the ground that the arbitrator lacked jurisdiction over the matter because the school board did not vote on whether there was probable cause to bring disciplinary charges against her (R323-27, 363-69). The arbitrator denied the motion, relying on several administrative opinions and lower court cases accepting DOE's interpretation of the Education Law: that principals may exercise their delegated authority to press disciplinary charges without a school board's vote on probable cause (R59-60, 394). After a full hearing, the arbitrator upheld the charges and decided that Cardinale should be dismissed from her employment (R56-130).

Seeking to overturn her termination, Cardinale brought this article 75 proceeding (R28-54), and DOE cross-moved to dismiss for her failure to state a cause of action (R1260-1334). Without giving DOE the opportunity to submit an answer, Supreme Court, Richmond County (Green, J.), denied the cross-motion to dismiss,

granted the article 75 petition, and vacated the arbitration award based on DOE's failure to establish that the arbitrator had jurisdiction to entertain the disciplinary charges (R5-16). The court further directed that Cardinale be immediately reinstated and granted back pay (R16).

Expressing deep skepticism of DOE's interpretation of the Education Law, the court found that it was "suspect on its face" and ran afoul of "the clear legislative intent contained in Education Law § 3020-a requiring different levels of the education administration apparatus to take part in the decision to discipline a tenured teacher (R15-16). In the court's view, allowing DOE to forgo a school board vote on probable cause would wrongly concentrate disciplinary authority in the hands of a single administrator and abridge the due process protections that are supposed to be afforded to tenured teachers (R15-16).

Supreme Court determined that in any event, under DOE's interpretation, DOE failed to submit proof showing that then-Chancellor Farina had followed her predecessors in delegating the authority to principals to press disciplinary charges against

tenured teachers (R12-13). The court further concluded that, even if such delegation of authority had occurred, DOE failed to submit evidence showing that the requisite finding of probable cause had been made (R12, 14). The court held that the absence of evidence on the issue entitled Cardinale to article 75 relief (R12-14).

DOE moved for leave to reargue and renew, submitting proof of the delegations (R1368-82, 1458-59). Supreme Court denied the motion (R20-27). The court found that DOE already had a "full and fair opportunity" to submit the delegations; in any event, the court remained unpersuaded by DOE's argument that the Chancellor holds the power of the employing board in § 3020-a matters (R24-27). DOE filed timely notices of appeal from both orders (R3, 18-19).

## ARGUMENT

### SUPREME COURT ERRED IN VACATING THE ARBITRATION AWARD

Supreme Court erred in holding that the arbitrator lacked jurisdiction to hear the disciplinary charges against Cardinale. The Education Law's plain text and history confirm that, in the

New York City public school system, principals may exercise their delegated authority to press disciplinary charges without a school board vote on probable cause. The court should have considered DOE's proof that the Chancellor and superintendents had delegated this authority to school principals, either when DOE offered the delegations in support of its motion for leave to renew or by giving DOE the opportunity to submit an answer.

**A. The statutory text and history make plain that a school board vote on probable cause was not a jurisdictional requirement in Cardinale's disciplinary proceeding.**

Supreme Court's ruling rests on a misunderstanding of the Education Law's allocation of authority to proffer disciplinary charges against a New York City teacher. The function of the courts in resolving questions of statutory interpretation is to "ascertain and give effect to the intention of the Legislature." *DaimlerChrysler Corp. v. Spitzer*, 7 N.Y.3d 653, 660 (2006) (quoting *Riley v. County of Broome*, 95 N.Y.2d 455, 463 (2000)). The text is the "clearest indicator" of such legislative intent and "courts should construe unambiguous language to give effect to its

plain meaning." *Id.* at 660. Courts must also read the statute as a whole, considering its various sections together and with reference to one another. *Matter of Avella v. City of New York*, 29 N.Y.3d 425, 434 (2017).

Here, the statute's plain language establishes that a school board vote on probable cause was not required for Cardinale's disciplinary proceeding. Education Law § 2590-h expressly authorizes the Chancellor to "exercise all of the duties and responsibilities of the employing board as set forth in [§ 3020-a] with respect to any member of the teaching or supervisory staff of schools." Educ. Law § 2590-h(38). And § 3020-a(1) provides that the employing board shall determine "whether probable cause exists to bring a disciplinary proceeding against an employee pursuant to this section" before bringing charges. Reading these provisions together, it logically follows that it is the Chancellor (or his designee), and not the employing board, who determines whether there is probable cause before bringing disciplinary charges against a tenured teacher employed in New York City public schools.

Even if there were any way to construe this statutory language differently, the legislative history confirms that this is the right reading of these provisions. As that history reflects, the Legislature's decision for the Chancellor to assume the employing board's disciplinary powers was part of its 1996 overhaul of the City's school governance system, when the Legislature decided to strengthen the Chancellor's ability to address reported abuses in the City's schools. *See* Bill Jacket, L. 1996, ch. 720. To effectuate this goal, the Legislature removed certain executive and administrative powers from community school boards and transferred them to the Chancellor and community superintendents. Bill Jacket, L. 1996, ch. 720, Gov. Program Bill Memo.; *Garzilli v. Mills*, 250 A.D.2d 131, 133 (3d Dep't 1998).

Section 2590-h(38) was part of the clarifying amendments that the Legislature passed two years later. The amendments were necessary because the 1996 legislation "inadvertently failed to change an existing statutory provision that required school boards—instead of superintendents—to vote on charges before cases could go to a disciplinary hearing." Bill Jacket, L. 1998, ch.

385, Budget Rpt. on Bills, at 2. Thus, the Legislature added § 2590-h(38) to remove any doubt that it was granting the Chancellor the employing board's authority to determine the existence of probable cause before bringing § 3020-a charges (along with the option of delegating such authority to subordinate officers). Consistent with this grant of authority, the Legislature deleted the relevant portions of § 2590-j requiring such charges against a New York City tenured teacher to be filed with the community school board.

Indeed, the only Appellate Division decision to have dealt with this issue concluded that the Legislature intended to dispense with a school board vote on probable cause in disciplinary proceedings against tenured City public school teachers. In *Garzilli v. Mills*, 250 A.D.2d 131 (3d Dep't 1998), the Third Department recognized that the 1998 clarifying amendments authorized the Chancellor to exercise the employing board's duties. *Id.* at 138. The court specifically noted that this authorization would include "determining whether probable cause

exists to bring disciplinary proceedings against a tenured teacher." *Id.*

Supreme Court had no valid basis for considering DOE's interpretation to be "suspect on its face" (R15). In the court's view, allowing DOE to forgo a school board vote on probable cause would flout tenure's protective purposes by wrongly concentrating the disciplinary authority in the hands of a single administrator. But of course, this observation flatly ignores the Legislature's considered judgment as reflected in the statute's text and legislative history. The court did not offer an alternative construction that would account for the language of § 2590-h(38); DOE's interpretation is the only one that harmonizes all of the provisions of the law and effectuates the Legislature's intent to grant the school board's authority in § 3020-a matters to the Chancellor.

In any event, the court's concerns about the protections of tenure are misplaced. The court failed to appreciate that the probable cause determination merely *initiates* the disciplinary process. Once the disciplinary proceeding begins, a tenured

teacher is entitled to the full panoply of procedural protections under § 3020-a, including the right to a trial-like hearing before an independent arbitrator who holds the final authority to issue a determination on the charges. In all core respects, then, DOE's interpretation continues to honor tenure's purposes.

## B. Supreme Court erred by failing to consider proof of the delegations offered in support of DOE's motion to renew

Applying a correct understanding of the statute, Supreme Court erred in annulling the arbitrator's award for lack of jurisdiction to entertain the disciplinary charges. As explained above, the plain text and history of the statute unambiguously establishes that the Education Law does not require a board vote on probable cause in disciplinary proceedings against tenured City public school teachers. DOE demonstrated in its motion for renewal that Chancellor Farina—who was in office at the time of Cardinale's proceeding—properly delegated her power to make a probable cause determination to the superintendents of community districts, who in turn delegated this power to school principals (R1458-59). Because the principal rightly exercised her

delegated authority to press disciplinary charges based on her own determination of probable cause (R306), the arbitrator had jurisdiction to entertain the charges.

Supreme Court erred in failing to consider DOE's proof of the delegations, either by granting the motion to renew or affording DOE the opportunity to answer. The court, having been alerted to the existence of the delegations on DOE's motion to renew, mistakenly held firm to a ruling that relied on premise, now shown to be false, that the delegations did not exist. Turning a blind eye to this reality constituted an abuse of discretion. The court may have been led into this error by its mistaken view that the delegations were irrelevant as a matter of law because only the school board could initiate a disciplinary proceeding.

Supreme Court erred, first, by denying the motion for leave to renew. "While a motion for leave [to renew] generally should be based on newly-discovered facts, the rule is flexible," and it is "improvident" to deny leave to renew where it may fairly be said that the additional proof was previously omitted from the original motion because of "excusable mistake or inadvertence." *Mollin v.*

*Cty. of Nassau*, 2 A.D.3d 600, 601 (2d Dep't 2003); *accord Miller v. Duffy*, 162 A.D.2d 438, 439-40 (2d Dep't 1990).

In *Mollin*, for example, the defendant municipality moved for leave to renew based on its submission of previously omitted documentation that had formed the basis of the court's summary judgment ruling. *Id.* at 600-01. The lower court granted leave to renew, and this Court affirmed, noting that even if the omitted documentation had been available at the time of the original motion, it would have been "improvident" for the court to deny leave to renew based on the municipality's "excusable mistake or inadvertence" and allow the prior ruling to stand. *Id.* at 601.

Here, DOE's omission of the delegations was no more than an "excusable mistake or inadvertence," just like in *Mollin*. Thus, Supreme Court improvidently denied leave to renew while allowing its prior ruling to stand—a ruling that was premised on the wrong understanding that the delegations did not exist.

Not only that, Supreme Court denied this relief based on its mistaken understanding that DOE's proof of the delegations was irrelevant because the finding of probable cause had to come from

the school board (*see* R26-27). The court's refusal to consider this evidence was rooted in an error of law that should not be entitled to any deference at all, and for this reason, too, requires reversal.

But even setting to one side the motion for leave to renew, Supreme Court additionally erred by depriving DOE of the opportunity to answer and submit evidence regarding the delegations. This Court has held, in closely analogous circumstances, that it constitutes an abuse of discretion to deny an agency the opportunity to submit an answer presenting such evidence. *See Matter of Lindo v. Ponte*, 150 A.D.3d 1244, 1246-47 (2d Dep't 2017) (remitting matter to Supreme Court to allow the agency to submit evidence of the Corrections Commissioner's written designation of the ALJ to conduct the disciplinary hearing). Although the determination whether to dispense with an answer is a discretionary one, that discretion is appropriately exercised only where the answer would serve "no useful purpose." *Matter of Dodge,* 25 N.Y.2d 273 (1969) (upholding the denial of an opportunity to answer, where the factual points in a proposed answer were not relevant).

Thus, in *Matter of Clarke v. N.Y.C. Dep't of Educ.*, 144 A.D.3d 500 (1st Dep't 2016), for example, the First Department held that the court erred in granting the article 75 petition in a teacher disciplinary case without letting DOE submit an answer. *Id.* at 500. Remanding the matter with instructions that DOE be permitted to submit an answer, the Court determined that DOE should have been afforded the opportunity to address allegations that the arbitration award had been procured through fraud or misconduct. *Id.*

Even more so than in *Clarke*, permitting DOE to submit an answer in this case would undeniably serve a useful purpose. Even under Supreme Court's faulty reasoning, a triable issue of fact exists as to whether the delegations occurred. Proof of the delegations, which DOE has in its possession and submitted in support of its motion to renew (R1458-59), would directly bear on that question. Accordingly, the court at a minimum erred in throwing out the results of a lengthy arbitration hearing because it should have permitted DOE to submit an answer with proof of the delegations.

## CONCLUSION

For the foregoing reasons, this Court should reverse the decisions below and deny the petition or, at a minimum, remand this action with instructions that DOE be allowed to answer the petition.

Dated:   New York, NY
         February 1, 2019

                    Respectfully submitted,

                    ZACHARY W. CARTER
                    *Corporation Counsel*
                    *of the City of New York*
                    Attorney for Appellants

                    By: _____
                    KATHY CHANG PARK
                    Assistant Corporation Counsel

CLAUDE S. PLATTON          100 Church Street
KATHY CHANG PARK           New York, NY 10007
*of Counsel*               212-356-0855
                           kpark@law.nyc.gov

**CERTIFICATE OF COMPLIANCE**

This brief was prepared with Microsoft Word 2010, using Century Schoolbook 14 pt. for the body and Century Schoolbook 12 pt. for footnotes. According to the aforementioned processing system, the portions of the brief that must be included in a word count pursuant to 22 N.Y.C.R.R. § 670.10.3(a)(3) contain 3,226 words.

# STATEMENT PURSUANT TO CPLR 5531

NEW YORK SUPREME COURT
APPELLATE DIVISION:  SECOND DEPARTMENT
-------------------------------------------------------------------- x

In the Matter of the Application of

ROSALIE CARDINALE,

                 *Petitioner-Respondent,*

        *against*

THE NEW YORK CITY DEPARTMENT OF EDUCATION,

                 *Respondent-Appellant.*

Docket No. 2018-5875

-------------------------------------------------------------------- x

1.      The index number in the Court below is 85165/2017.

2.      The full names of the original parties appear in the caption above.  There have been no changes in the parties.

3.      This proceeding was commenced in the Supreme Court, Richmond County.

4.      This proceeding was commenced by a notice of petition on August 9, 2017. Issue was joined by the notice of cross-motion to dismiss on November 8, 2017.

5.      This is a proceeding pursuant to Article 75 brought by the petitioner seeking vacatur of the arbitration award recommending the termination of her position within the Department of Education as an appropriate penalty for sustained charges under Education Law § 3020-a.

6.      This appeal is from an order and memorandum decision of the Honorable Desmond Green, Supreme Court, Richmond County, entered on April 3, 2018.

7.      This appeal is being taken on a fully reproduced record.