USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/23/2019____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. RUPERT GREEN,

          Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK; CARMEN FARINA, Former Chancellor, sued Individually and Officially,

          Defendants.

18 Civ. 10817 (AT) (GWG)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Rupert Green, brings this action against Defendants, the Department of Education (the "DOE") and Carmen Farina, alleging violations of the First, Fourth, Fifth, and Fourteenth Amendments, and various state laws. Compl., ECF No. 1. On July 31, 2019, the Honorable Gabriel W. Gorenstein issued a report and recommendation (the "R&R") recommending that the action be dismissed for failure to state a claim. ECF No. 28. For the reasons stated below, the Court ADOPTS the R&R and the complaint is DISMISSED, with leave to amend within 30 days of this order.

## BACKGROUND

The Court presumes the parties' familiarity with the facts, *see* R&R at 2–5, and sets them forth in brief below. Plaintiff, formerly a tenured teacher employed by the DOE, taught at the School of Cooperative Technical Education ("Coop Tech") from 2001 until his firing in 2016. Compl. ¶ 2. On November 5, 2015, the assistant principal of Coop Tech filed a complaint against Plaintiff with the DOE's Special Commissioner of Investigation ("SCI"), alleging that Plaintiff had violated the DOE's email and internet use policy by, *inter alia*, sending emails that

the assistant principal considered "harassing" and "inflammatory." Art. 75 Decision at 1.[1] On January 28, 2016, the principal of Coop Tech separately filed a complaint against Plaintiff with the SCI, alleging the same misconduct. *Id.* Following an investigation, the SCI investigator substantiated both complaints. *Id.*

The DOE subsequently issued nine formal charges against Plaintiff, and an arbitrator was assigned to Plaintiff's disciplinary proceedings. *Id.* at 1–2. After a twelve-day evidentiary hearing at which Plaintiff and the DOE were each represented by counsel, the arbitrator determined that the DOE had proven six of the nine charges by a preponderance of the evidence. *Id.* at 2. The arbitrator concluded that termination was appropriate. *Id.* Plaintiff was later fired. Compl. ¶ 25.

Plaintiff thereafter petitioned the New York State Supreme Court to vacate the arbitrator's decision. *Id.* at 3. The respondent, the DOE, moved to dismiss. *Id.* The state court granted the motion to dismiss, concluding that Plaintiff had failed to establish that the arbitration decision was "arbitrary or capricious, or otherwise improper," and finding, to the contrary, that it was "based on overwhelming evidentiary support." *Id.* at 3.

On November 19, 2018, Plaintiff commenced this action, claiming violations of the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, violations of the New York State Constitution and the New York Civil Service Law, and bringing state law claims for intentional and negligent infliction of emotional distress, harassment, and tortious interference with contract. *See* Compl. ¶¶ 34–39, 43–45, 54–57, 40–42, 46–53. On July 31, 2019, Judge Gorenstein issued an R&R recommending dismissal for failure to state a claim. On August 13,

---

[1] The facts are taken from the complaint, and from the decision in *Green v. N.Y.C. Bd./Dept. of Educ.*, No. 102017/2016 (N.Y. Sup. Ct. Feb. 20, 2018) ("Art. 75 Decision"), which is annexed to Plaintiff's opposition memorandum and describes the events at issue here. *See* Pl. Mem. at 36–40, ECF No. 22.

2019, Plaintiff submitted objections to the R&R and sought leave to file an amended complaint. Pl. Obj., ECF No. 30.

**DISCUSSION**

I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014). The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted). "[S]ubmissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted).

II. Plaintiff's Objections

The Court finds that Plaintiff's objections are general, rather than specific, because they merely restate claims set forth in his complaint and opposition papers. *See, e.g.*, Pl. Obj. at 5

("[T]here are two arguments made by Plaintiff in his [c]omplaint that Gorenstein neglected to mention in his R&R . . . ."); *id.* at 7 ("Magistrate Gorenstein cites the very same false information that Plaintiff here . . . [has] objected to . . . ."). As such, the Court reviews the R&R for clear error. *See Brown v. Peters*, No. 95 Civ. 1641, 1997 WL 599355, at *2–3 (S.D.N.Y. Sept. 22, 1997) (reviewing report and recommendation for clear error where the plaintiff's objections "simply re-state [d] the relief sought and the facts on which [the plaintiff] ground[ed] his complaint"); *Schoolfield v. Dep't of Corr.*, No. 91 Civ. 1691, 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994) (holding that objections to a report and recommendation were not specific because they were "conclusory" and only stated that the report and recommendation was "wrong and unjust").

Here, the Court finds no clear error. "Even construing Plaintiff's objections to the R&R broadly because he is proceeding *pro se*, his objections are conclusory, vague, and fail to state any specific basis for not adopting the R&R." *Petrovic v. Comm'r of Soc. Sec.*, No. 15 Civ. 2194, 2016 WL 6082038, at *1 (S.D.N.Y. Oct. 14, 2016); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("It is improper for an objecting party to attempt to relitigate" arguments made "before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments . . . ." (internal quotation marks and citation omitted)).

Accordingly, the Court ADOPTS the R&R in its entirety and DISMISSES the complaint. However, because "the usual practice is to grant leave to amend the complaint" when a motion to dismiss is granted, *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999), Plaintiff's request for leave to amend is GRANTED.

**CONCLUSION**

For the reasons stated above, the Court ADOPTS the R&R in its entirety and DISMISSES the complaint for failure to state a claim. Plaintiff is GRANTED leave to file an amended complaint within 30 days of this order. The Clerk of Court is directed to terminate the motion at ECF No. 14 and mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: September 23, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge