UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUPERT GREEN,

Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK; and THE UNITED FEDERATION OF
TEACHERS,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT

**JAMES E. JOHNSON**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street
New York, NY 10007

*Of Counsel*:
Shaina Wood
Yuval Rubinstein
Matter No. 2018-086303

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................... iii

PRELIMINARY STATEMENT .................................................................................. 1

STATEMENT OF FACTS ........................................................................................... 2

ARGUMENT

      POINT I

           THE DOCTRINES OF COLLATERAL ESTOPPEL AND RES JUDICATA BAR PLAINTIFFS CLAIMS ................................................ 4

           A.  Collateral Estoppel and Res Judicata Mandate Dismissal of Factual Issues That Were Previously Litigated in State Court ................................................... 4

      POINT II

           PLAINTIFF'S CONSTITUTIONAL AND RETALIATION CLAIMS ARE DEFICIENT AND MUST BE DISMISSED ................................................ 7

           A.  The Applicable Legal Standard ........................................................... 7

           B.  Plaintiff's Federal Constitutional Claims Must be Dismissed For Failing to Plead Facts Plausibly Suggesting a *Monell* Violation ........................................... 8

           C.  Plaintiff's First Amendment Retaliation Claims Should Be Dismissed For Failing to Plead Facts Plausibly Suggesting He Engaged In Protected Activity ................................................................................. 9

           D.  Plaintiff's Procedural Due Process Claim Must be Dismissed ....................................................................... 10

           E.  Plaintiff's claim Under 29. U.S.C. § 185 Is Insufficiently Plead and Must Be Dismissed ..................................... 13

      POINT III

           PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED ................................................................. 14

A. Plaintiff's Failure to Plead or File a Notice of Claim Requires Dismal of All State Law Claims ............................................................................... 14

B. Plaintiff's State Law Claims Are Barred By The Statute of Limitations ................................................. 15

C. Plaintiff's Negligent and Intentional Infliction of Emotional Distress Claims Must Be Dismissed ............................................................................ 16

D. Plaintiff's Negligence Claim Must Be Dismissed ............................................................................ 18

E. Plaintiff's Whistleblower Claim under Civil Service Law §75-b Must Be Dismissed ............................................. 19

CONCLUSION ............................................................................................................... 20

# TABLE OF AUTHORITIES

**Cases**                                                                                                  **Pages**

*Allen v. McCurry*,
    449 U.S. 90 (1980)...................................................................................................6

*Arredondo v. Cnty. of Nassau*,
    2012 U.S. Dist. LEXIS 36156 (E.D.N.Y. Mar. 16, 2012) ....................................11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................................7

*Ashmore v. Prus*,
    510 Fed. Appx. 47 (2d Cir. 2013) ............................................................................4

*Bacchus v. N.Y.C. Dept. of Educ.*,
    137 F. Supp. 3d 214 (E.D.N.Y. 2015) ....................................................................14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................................................................7

*Bellissimo v. Mitchell*,
    122 A.D.3d 560 (2d Dep't 2014) ...........................................................................15

*Berrios v. Our Lady of Mercy Medical Center*,
    20 A.D.3d 361 799 N.Y.S.2d 452 (1st Dep't 2005) ...............................................17

*Bidnick v. Johnson*,
    253 A.D.2d 779 (2d Dep't. 1998) ..........................................................................14

*Biggers v. Brookhaven-Comsewogue Union Free School District*,
    127 F. Supp. 2d 452 (S.D.N.Y. 2001)....................................................................14

*Bisson v. Martin Luther King Jr. Health Clinic*,
    2008 U.S. App. LEXIS 23977 (2d Cir. Nov. 20, 2008)............................................7

*Blasi v. N.Y.C. Bd. of Educ.*,
    2012 U.S. Dist. LEXIS 113798 (E.D.N.Y. Mar. 12, 2012, No. 00-CV-5320).......10

*Blythe v. City of New York*,
    963 F. Supp. 2d 158 (E.D.N.Y. 2013) .................................................................5, 6

*Brasseur v. Speranza*,
    21 A.D.3d 297, 800 N.Y.S.2d 669 (1st Dep't 2005) ..............................................17

*Chase Group Alliance LLC v. City of N.Y. Dep't of Fin.*,
    620 F.3d 146, 153 (2d Cir. N.Y. 2010) ..................................................................11

| **Cases** | **Pages** |
|---|---|

*Davidson v. Bronx Mun. Hosp.*,
64 N.Y.2d 59 (1984) ...................................................................................14

*De Cintio v. Westchester County Medical Ctr.*,
821 F.2d 111 (2d Cir. 1987)..........................................................................6

*DePrima v. City of N.Y. Dep't of Educ.*,
No. 12-CV-3626 (MKB), 2014 U.S. Dist. LEXIS 37866
(E.D.N.Y. Mar. 20, 2014) ............................................................................11

*Dorcely v. Wyandanch Union Free Sch. Dist.*,
665 F. Supp. 2d 178 (E.D.N.Y. 2009) ....................................................... 9-10

*Dunn v. N.Y.C. Dep't of Educ.*,
No. 115639110, 2011 N.Y. Misc. LEXIS 3918
(Sup. Ct., N.Y. Cnty. July 27, 2011).............................................................11

*Durham v. SUNY Rockland Cmty. Coll.*,
No. 14-cv-607 (TPG), 2016 U.S. Dist. LEXIS 3713 (S.D.N.Y. Jan. 12, 2016) ......................8

*Dwares v. The City of New York*,
985 F.2d 94 (2d Cir. 1992)............................................................................8

*El-Shabazz v. State of N.Y. Comm. on Character & Fitness*,
428 F. App'x. 95 (2d Cir. 2011) ....................................................................4

*Genao v. Board of Educ.*,
888 F. Supp. 501 (S.D.N.Y. 1995) ..............................................................18

*Graupner v. Roth*,
293 A.D.2d 408, 742 N.Y.S.2d 208 (1st Dep't 2002) ...................................16

*Green v. N.Y.C. Bd./Dept. of Educ.*,
Index 102017/2016 (N.Y. Sup. Ct. Engoron, J., decided Feb. 20 2018) ......................1, 5

*Haas v. N.Y.C. Bd./Dept. of Educ.*,
No. 110190/11, 2012 N.Y. Misc. LEXIS 1590
(Sup. Ct. N.Y. Cnty. Apr. 4, 2012) ..............................................................12

*Hines v. Anchor Motor Freight, Inc.*,
424 U.S. 554 (1976)....................................................................................13

*Howell v. New York Post Co., Inc.*,
81 N.Y.2d 115, 596 N.Y.S.2d 350 (1993) ...................................................17

**Cases**                                                                    **Pages**

*Krauz v. Commack Union Free Sch. Dist.*,
  203 A.D.2d 334, 610 N.Y.S.2d 540 (2d Dep't 1996) ............................................15

*LB v. Hines*,
  No. 15-cv-5238 (NSR), 2018 U.S. Dist. LEXIS 61534
  (S.D.N.Y. Apr. 10, 2018)........................................................................................4

*Leibovitz v. City of N.Y.*,
  2015 U.S. Dist. LEXIS 170476 (S.D.N.Y. Dec. 18, 2015) .............................15, 17

*Littlejohn v. City of New York*,
  795 F.3d 297 (2d Cir. 2015)....................................................................................7

*Marvel Characters, Inc. v. Simon*,
  310 F.3d 280 (2d Cir. 2002)....................................................................................6

*Massaro v. N.Y.C. Dep't of Educ.*,
  481 F.App'x 653 (2d Cir. 2012) ..............................................................................9

*Matusick v. Erie County Water Auth.*,
  757 F.3d 31 (2d Cir. 2014).................................................................................5, 19

*Monell v. Dep't of Soc. Servs. of City of New York*,
  436 U.S. 658 (1978).................................................................................................8

*Montana v. United States*,
  440 U.S. 147 (1979).................................................................................................4

*Moore v. City of N.Y.*,
  2010 U.S. Dist. LEXIS 19183 (S.D.N.Y. Mar. 1, 2010) ......................................14

*Moore v. Melesky*,
  14 A.D.3d 757, 788 N.Y.S.2d 679 (3d Dep't 2005) .............................................16

*Murphy v. American Home Products Corp.*,
  58 N.Y.2d 293, 461 N.Y.S.2d 232 (1983) ............................................................17

*Murray v. LeRoy Cent. Sch. Dist.*,
  67 N.Y.2d 775 (1986) ...........................................................................................14

*Parochial Bus Systems v. Board of Education*,
  60 N.Y.2d 539 (1983),
  *aff'd, N.Y. Bus Tours v. Kheel*, 993 F.2d 1533 (2d Cir. 1992)..............................15

**Cases**                                                                     **Pages**

*Peek v. Williamsville Bd. of Educ.*,
221 A.D.2d 919, 635 N.Y.S.2d 374
(4th Dep't 1995), 1998),
*modified and aff'd*, 247 A.D. 2d 924, 925 (4th Dep't 1998) ........................................... 15-16

*Pina-Pena v. N.Y.C. Dep't. of Educ.*,
No. 100517/13, 2014 NY Misc. LEXIS 1630
(Sup. Ct. N.Y. Cnty. Apr. 4, 2014) ...................................................................................12

*Sangermano v. Board of Cooperative Educ. Services*,
290 A.D.2d 498 (2d Dep't. 2002) ......................................................................................14

*Saunders v. NYC Dep't of Educ.*,
2010 U.S. Dist. LEXIS 71500 (E.D.N.Y. July 15, 2010) ...................................................5, 6

*Schaffer v. Horizon Pharma PLC*,
No. 16-CV-1763 (JMF), 2018 U.S. Dist. LEXIS 8114
(S.D.N.Y. Jan. 18, 2018)(Furman, J.) ................................................................................7

*Seltzer v. Bayer*,
272 A.D.2d 263, 709 N.Y.S.2d 21 (1st Dep't 2000) ......................................................16, 17

*Skates v. Inc. Vill. of Freeport*,
2016 U.S. Dist. LEXIS 16564 (E.D.N.Y. Jan. 28, 2016) ...................................................7

*Smith v. City of N.Y.*,
130 F. Supp. 3d 819 (S.D.N.Y. 2015)................................................................................8, 9

*Taylor v. Sturgell*,
553 U.S. 880 (2008).............................................................................................................6

*Thomas v. Goord*,
215 Fed. App'x 51 (2d. Cir. 2007)......................................................................................9

*United States v. N.Y.C. Dept. of Educ.*,
2017 U.S. Dist. LEXIS 45816 (S.D.N.Y. Mar. 28, 2017) .................................................14

*Vega v. Lantz*,
596 F.3d 77 (2d Cir. 2010).................................................................................................13

*Velez v. Levy*,
401 F.3d 75 (2d Cir. 2005).................................................................................................13

*Woodlock v. Orange Ulster B.O.C.E.S.*,
281 F. App'x 66 (2d Cir. 2008) .........................................................................................9

**Cases**                                                                                        **Pages**

*Wyllie v. Dist. Attorney of the County of Kings, et al.*,
    2 A.D.3d 714, 770 N.Y.S.2d 110 (2d Dep't 2003) ..................................................16

**Statutes**

29 U.S.C. § 185 ..............................................................................................1, 13, 14

42 U.S.C. § 1983 ..............................................................................................1, 8, 11

Civ. Serv. L. § 75 ....................................................................................................6

Civ. Serv. L. § 75-b ..............................................................................................1, 19

Educ. Law § 3020-a ............................................................3, 5, 6, 10, 11, 12, 16, 19

Fed. R. Civ. Proc. 12(b) ..........................................................................................3

Fed. R. Civ. Proc. 12(b)(6) ..................................................................................1, 3

Labor Management Relations Act § 301 ..................................................................13

Local Rules Rule 7.2 ..............................................................................................4

N.Y. C.P.L.R. § 215(3) ..........................................................................................15

N.Y. Educ. L. § 2590-f (1-b) ..................................................................................11

N.Y. Educ. L. § 2590-f ..........................................................................................11

N.Y. Educ. L. § 2590-h (19) ..............................................................................11, 12

N.Y. Educ. L. § 2590-h (38) ..............................................................................11, 12

N.Y. Educ. L. § 3813 (2-b) ....................................................................................15

N.Y. Educ. L. § 3813(1) ....................................................................................14, 18

N.Y. Gen. Mun. L. § 50-e(1)(a) ............................................................................14

N.Y. State Educ. L. § 2030-a ..................................................................................2

## PRELIMINARY STATEMENT

Plaintiff Rupert Green ("Plaintiff"), who was formerly employed as a teacher by the Board of Education of the City School District of the City of New York, operating as the New York City Department of Education ("DOE," or "the Department"), brings this action against defendants DOE and the United Federation of Teachers ("UFT") (collectively "Defendants"). Plaintiff alleges that Defendants infringed on his due process rights in violation of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983. Additionally, Plaintiff alleges a violation of his First Amendment rights. Finally, Plaintiff alleges that Defendants engaged in retaliation in violation of Civil Service Law § 75-b, violated 29 U.S.C. § 185, and committed intentional and/or negligent infliction of emotional distress and negligence. Defendant DOE now moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Collateral estoppel bars Plaintiff's claims under the 1st and 14th Amendments to the United States Constitution and under the Education Law. These claims and matters were fully asserted, litigated and decided, on the merits, in Plaintiff's previous state-court Article 75 proceeding, *Green v. N.Y.C. Bd./Dept. of Educ.,* Index No. 102017/2016, (N.Y. Sup. Ct. Engoron, J., decided Feb. 20, 2018 (hereinafter referred to as "*Green*").[1]

Similarly, Plaintiff's 1st and 14th Amendment, retaliation, negligence, and intentional and negligent infliction of emotional distress claims are barred by *res judicata*. These claims arise out of the same operative facts that formed the basis of the claims alleged in his

---

[1] Judicial notice may be taken of Plaintiff's prior New York State litigation and the resulting judicial opinion. Accordingly, the unreported decision in *Green v. N.Y.C. Bd./Dept. of Educ.,* Index No. 102017/2016, (N.Y. Sup. Ct. Engoron, J., decided Feb. 20, 2018) is annexed to the Declaration of Assistant Corporation Counsel Shaina Wood ("Wood Decl." as Exhibit "1," ECF Doc No. 16.

prior proceedings. Because Plaintiff could have asserted these claims in *Green* but failed to do so, they are now barred by *res judicata* and must be dismissed.

Moreover, the Amended Complaint must also be dismissed for failing to plead facts plausibly suggesting that Defendant discriminated, retaliated or violated Plaintiff's right to free speech, infringed upon a protected liberty or property interest, subjected Plaintiff to intentional or negligent infliction of emotional distress, or engaged in negligent behavior or retaliation. Plaintiff's state-law claims must also be dismissed for failure to plead or file a notice of claim and for being time-barred.

## STATEMENT OF FACTS[2]

In April 2016, Defendant DOE initiated charges and specifications against Plaintiff pursuant to New York State Education Law Section 2030-a. *See Green*, annexed to the Wood Decl. as Ex. "1," at 1-2, ECF Doc No. 16. The DOE alleged that plaintiff issued inappropriate and unprofessional emails to staff in violation of the Department's internet use policy, insubordination, neglect of duty, and excessive absences during the 2014-15 and 2015-16 school years. *See id*. at 2-3. Plaintiff was accorded an evidentiary hearing before a neutral arbitrator who ultimately found Plaintiff guilty of inappropriate and unprofessional emails to staff in violation of the Department's internet use policy, insubordination, and neglect of duty. *See id.* at 2-3. Based on those findings, the arbitrator also determined that just cause existed to terminate Plaintiff's employment. *See id*. at 3. Consequently, DOE terminated Plaintiff's employment. *See id.*

Plaintiff invoked state court procedures in 2016 to reverse the arbitrator's award in the form of an Article 75 Proceeding in New York County Supreme Court. *See Green*,

---

[2] For Purposes of this motion only, Defendants take the Complaint's allegations as true.

annexed to the Wood Decl. as Ex. "1." In that proceeding, Plaintiff alleged that the arbitrator's Award was arbitrary and capricious; and that "the disciplinary charges were brought against him in an effort to retaliate against him for 'exposing corruption and racism within the school,' and that he should be afforded 'whistleblower' status. *See id.* at 3-4. Defendant DOE cross-moved to dismiss. *See id* at 3.

In February 2018, Justice Engoron granted Defendant's cross-motion in its entirety and dismissed the Petition. Justice Engoron held that Defendant did not violate the procedures of Education Law Section 3020-a, and that the Award was based on substantial evidence. Justice Engoron's Decision specifically upheld the arbitrator's conclusion that Plaintiff was not retaliated or discriminated against and was "given great leeway to pre-disciplinary correction of his conduct." *See id.* at 4-5.

Plaintiff filed a Notice of Appeal on March 13, 2018. However, this Appeal was never perfected and no further documentation was filed with the Appellate Division.

In response to Plaintiff's original Complaint, Defendant DOE filed a motion to dismiss pursuant to Federal Rule 12(b) on February 4, 2019. *See* ECF Doc. No. 14. On July 31, 2019 Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation which recommended that the Court grant Defendant DOE's motion to dismiss. *See* ECF Doc. No. 28. This Report and Recommendation was adopted in a September 23, 2019 Order of Hon. Analisa Torres. *See* ECF Doc. No. 33. On October, 2019 Plaintiff filed an Amended Complaint. *See* ECF Doc. No. 34. Defendant DOE now moves to dismiss pursuant to rule 12(b)(6).

# ARGUMENT

## POINT I

## THE DOCTRINES OF COLLATERAL ESTOPPEL AND RES JUDICATA BAR PLAINTIFFS CLAIMS

**A. Collateral Estoppel and Res Judicata Mandate Dismissal of Factual Issues That Were Previously Litigated in State Court [3]**

Under the collateral estoppel or issue preclusion doctrine, if an issue of fact is actually and necessarily decided by a court of competent jurisdiction, that determination is conclusive in subsequent suits by a party even if based on different causes of action. *LB v. Hines*, No. 15-cv-5238 (NSR), 2018 U.S. Dist. LEXIS 61534, at *5-7 (S.D.N.Y. Apr. 10, 2018) (quoting *Montana v. United States*, 440 U.S. 147, 153, (1979)). Federal courts must give the same preclusive effect to New York state court judgments as would the New York courts themselves. *El-Shabazz v. State of N.Y. Comm. on Character & Fitness*, 428 F. App'x. 95, 96 (2d Cir. 2011). A party seeking to assert collateral estoppel must show that in the prior proceeding: (1) the identical issue was raised; (2) the issue was actually litigated and decided; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits. *LB v. Hines*, 2018 U.S. Dist. LEXIS 61534, at *5-7.

If these factors are satisfied, a party is precluded from re-litigating an issue "whether or not the tribunals or causes of action are the same." *Ashmore v. Prus*, 510 Fed. Appx. 47, 49 (2d Cir. 2013) (internal quotation marks omitted). In addition, collateral estoppel

---

[3]   Pursuant to Rule 7.2 of the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, Defendant provided Plaintiff *pro se* with copies of cases and other authorities cited in this memorandum that are unpublished or reported exclusively on computerized databases.

applies to a hearing officer's factual determinations rendered after an administrative hearing. *See Matusick v. Erie County Water Auth.*, 757 F.3d 31, 46 (2d Cir. 2014) ("New York courts have granted preclusive effect to [a hearing officer's] recommendations later adopted by the state agency."

Here, Plaintiff raises factual issues which were previously decided against him in a New York State Supreme Court Article 75 proceeding (*Green*). Plaintiff alleges that: (1) the DOE failed to comply with New York Education Law section 3020-a procedure, thus violating his due process rights, (2) Because DOE failed to comply with section 3020-a, the arbitrator did not have subject matter jurisdiction to proceed, (3) the arbitrator was biased against him, (4) the arbitrator's decision was irrational or otherwise arbitrary or capricious, (5) the arbitrator incorrectly found just cause for his termination, and (6) DOE's conduct was intentional, made in retaliation, and a crusade to maliciously harm Plaintiff. Plaintiff raises the same factual issues in the instant matter. *Compare* Amended Complaint, ECF Doc. No. 34, ¶¶ 2, 26, 28, 41, *with Green v. N.Y.C. Bd./Dept. of Educ.*, Index 102017/2016, (N.Y. Sup. Ct. Engoron, J., decided Feb. 20 2018), annexed to the Wood Decl. as Ex. "1."

The State court in *Green* actually and necessarily considered and decided the aforementioned issues and found them lacking merit. *See Green v. N.Y.C. Bd./Dept. of Educ.*, Index 102017/2016, (N.Y. Sup. Ct. Engoron, J., decided Feb. 20 2018), annexed to the Wood Decl. as Ex. "1." Moreover, as a general matter, the Second Circuit has held that Article 75 proceedings afford plaintiffs "full and fair opportunity" to litigate issues. *See Blythe v. City of New York*, 963 F. Supp. 2d 158, 175 (E.D.N.Y. 2013); *Saunders v. NYC Dep't of Educ.*, 2010 U.S. Dist. LEXIS 71500 at *43-44 (E.D.N.Y. July 15, 2010). Therefore, Plaintiff's claims regarding Section 3020-a procedures, due process, the arbitrator who presided over his

evidentiary hearing, the arbitrator's decision, as well as allegations of retaliation and a desire for "whistleblower" status, are each barred in the instant proceeding by collateral estoppel. *See De Cintio v. Westchester County Medical Ctr.*, 821 F.2d 111, 116-117 (2d Cir. 1987) (retaliation claims precluded where plaintiff "had an adequate opportunity to litigate the retaliation issue in his Section 75 hearing"); *Blythe*, 963 F. Supp. 2d at 175 (holding in part that "Plaintiff's second and third arguments [regarding lack of probable cause and hearing officer bias] are barred by the doctrine of collateral estoppel because they were raised and rejected in plaintiff's Article 75 petition to vacate the arbitration award.").

Similarly, under the doctrine of *res judicata*, or claim preclusion, a "final judgment forecloses successive litigation of the very same claim, whether or not relitigation of that claim raises the same issues as in the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quotations and citation omitted); *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286-7 (2d Cir. 2002) (accord). Not only *could* Plaintiff have previously raised his claims regarding Section 3020-a procedures, due process, the arbitrator who presided over his evidentiary hearing, the arbitrator's decision, as well as allegations of retaliation and a desire for "whistleblower" status, these claims indeed were raised, and therefore he is precluded from relitigating those issues in the instant action. *See Saunders,* 2010 U.S. Dist. LEXIS 71500 at *41-42.

## POINT II

## PLAINTIFF'S CONSTITUTIONAL AND RETALIATION CLAIMS ARE DEFICIENT AND MUST BE DISMISSED

### A.    The Applicable Legal Standard

Although in reviewing a motion to dismiss a court must accept a complaint's factual allegations as true, drawing all reasonable inferences in favor of the plaintiff, if the plaintiff nonetheless fails to plead sufficient facts to state a facially plausible a claim for relief the complaint must be dismissed. A facially plausible a claim is one containing sufficient facts to allow the court to draw a reasonable inference that the defendant is liable for the alleged violation. Facts creating nothing more than a sheer possibility that a defendant has acted unlawfully are insufficient. The alleged facts must nudge the claims across the line from conceivable to plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *Schaffer v. Horizon Pharma PLC*, No. 16-CV-1763 (JMF), 2018 U.S. Dist. LEXIS 8114, at *8 (S.D.N.Y. Jan. 18, 2018)(Furman, J.).

The pleading standards outlined by the Supreme Court in *Twombly* and *Iqbal* are applicable to employment discrimination claims. *See Littlejohn v. City of New York*, 795 F.3d 297, 310 (2d Cir. 2015). Importantly, although a plaintiff need not plead all the elements of a prima facie case, "the elements of the prima facie case are considered in the context of a motion to dismiss... because they provide [a helpful] outline of what is necessary to render [a plaintiff's] claims for relief plausible." *See Skates v. Inc. Vill. of Freeport*, 2016 U.S. Dist. LEXIS 16564, *21-22 (E.D.N.Y. Jan. 28, 2016) (internal quotations and citations omitted) (alterations in original). Pro Se status does not exempt a plaintiff from these pleading requirements. *See Bisson v. Martin Luther King Jr. Health Clinic*, 2008 U.S. App. LEXIS 23977, at *2 (2d Cir. Nov. 20, 2008) (internal citations omitted).

**B.**     **Plaintiff's Federal Constitutional Claims Must be Dismissed For Failing to Plead Facts Plausibly Suggesting a *Monell* Violation**

Claims alleging violations of constitutional rights must be brought, as Plaintiff does in this case, via 42 U.S.C. § 1983. *Durham v. SUNY Rockland Cmty. Coll.*, No. 14-cv-607 (TPG), 2016 U.S. Dist. LEXIS 3713, at \*9 (S.D.N.Y. Jan. 12, 2016). A municipal entity, such as Defendant DOE, can only be liable under § 1983 if the alleged unconstitutional action was the result of an official policy, practice or custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-692 (1978). "The mere assertion, however, that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Dwares v. The City of New York*, 985 F.2d 94, 100 (2d Cir. 1992). Further, a plaintiff cannot use a single instance of a constitutional violation, including his own isolated experience, to prove a *Monell* violation. *Smith v. City of N.Y.*, No. 15-cv-4493 (RJS), 2016 U.S. Dist. LEXIS 118281, at \*15-17 (S.D.N.Y. Sep. 1, 2016).

The Complaint in this matter fails to plead any facts plausibly suggesting that any of the rights to which Plaintiff is entitled under the 1st or 14th Amendments to the United States Constitution were violated in any manner, let alone violated pursuant to an official policy, practice or custom. Further, Plaintiff fails to plead any facts plausibly suggesting that Defendants violated his First or Fourteenth Amendment rights pursuant to an official City policy, rather than his own personal experience. Although Plaintiff claims there is a "long history of unfair procedures used in NYC by the DOE and UFT to destroy good teachers because someone did not like him/her", *see* Amended Complaint at ¶ 32, only broad, declaratory, and unsupported statements are made about how Plaintiff's Constitutional rights were allegedly violated pursuant to an official policy, practice or custom of the DOE.

Consequently, all of Plaintiff's alleged Federal constitutional claims against the City must be dismissed.

**C.** **Plaintiff's First Amendment Retaliation Claims Should Be Dismissed For Failing to Plead Facts Plausibly Suggesting He Engaged In Protected Activity**

Plaintiff's Complaint asserts that he was retaliated against in violation of his rights under the First Amendment to the Federal Constitution, due to his "exercising his freedom of speech as a citizen with regard to matters of public concern" at the school. *See* Amended Complaint at ¶ 36.

To establish a First Amendment retaliation claim, a plaintiff must prove that: (1) he engaged in constitutionally protected speech when speaking as a citizen on a matter of public concern; (2) that he suffered an adverse employment action; and (3) a causal connection between the protected speech and adverse employment decision. *Smith v. City of N.Y.*, 130 F. Supp. 3d 819, 831 (S.D.N.Y. 2015). A claim for retaliation pursuant to the First Amendment to the United States Constitution must also "be supported by specific and detailed factual allegations, not stated in wholly conclusory terms." *Smith v. City of N.Y.*, 2017 U.S. Dist. LEXIS 74499, at *7-8 (S.D.N.Y. May 16, 2017) (quoting *Thomas v. Goord*, 215 Fed. App'x 51, 53 (2d. Cir. 2007)).

Plaintiff's First Amendment claim necessarily fails because "it is well established that a teacher's communications made within internal school channels about the teacher's working conditions… are deemed to be pursuant to the teacher's official duties and therefore do not constitute First Amendment protected speech." *Smith*, 130 F. Supp. at 832. *See also Massaro v. N.Y.C. Dep't of Educ.*, 481 F.App'x 653, 655-56 (2d Cir. 2012) (teacher's complaints regarding sanitary and health conditions in her classroom were not protected speech); *Woodlock v. Orange Ulster B.O.C.E.S.*, 281 F. App'x 66, 68 (2d Cir. 2008) (counselor's communications regarding lack of physical education and art classes were not protected speech); *Dorcely v.*

*Wyandanch Union Free Sch. Dist.*, 665 F. Supp. 2d 178, 207 (E.D.N.Y. 2009) (teacher's complaints of insufficient educational and instructional resources and inappropriate curriculum were not protected speech).

Justice Engoron held that the arbitrator had a rational basis to conclude that Plaintiff used his emails as a "soap box" and they contained "negative, proselytizing and critical comments about staff and administration which so clearly disrupted the school community." *See Green*, annexed to the Wood Decl. as Ex. "1," at 4. Even assuming that Plaintiff engaged in email advocacy for matters of "public concern," *See* Amended Complaint, ECF Doc. No. 34, ¶ 2, such action would have been "undertaken in the course of performing [his] job are activities pursuant to official duties," and therefore cannot be deemed First Amendment protected speech. *Blasi v. N.Y.C. Bd. of Educ.*, 2012 U.S. Dist. LEXIS 113798, at *99 (E.D.N.Y. Mar. 12, 2012, No. 00-CV-5320). Accordingly, any such speech is unprotected speech, and therefore does not give rise to a First Amendment claim.

**D.      Plaintiff's Procedural Due Process Claim Must be Dismissed**

Plaintiff claims that his termination was a violation of his due process rights. *See* Amended Complaint, ECF Doc. No. 34, ¶ 1, 50. Plaintiff, however, was presented with the charges against him, given a hearing by his employer before a neutral arbitrator and then appealed that decision via the New York State Court system. Plaintiff brought an Article 75 proceeding to overturn the arbitrator's decision. Thereafter, Plaintiff received an adverse ruling from the trial court. *See Green*, annexed to the Wood Decl. as Ex. "1."

Plaintiff asserts that he had a right to have probable cause determined on his Section 3020-a charges by an Executive Session of the school board. *See* Complaint, ECF Doc. No. 34, ¶ 26. However, this section of Education Law § 3020-(a) does not apply to New York City, and the hearing before the arbitrator and the appeal to the State Court system via an Article

75 proceeding satisfied the dictates of due process. *DePrima v. City of N.Y. Dep't of Educ.*, No. 12-CV-3626 (MKB), 2014 U.S. Dist. LEXIS 37866, at *22-26 (E.D.N.Y. Mar. 20, 2014); *Arredondo v. Cnty. of Nassau*, 2012 U.S. Dist. LEXIS 36156, at *36 (E.D.N.Y. Mar. 16, 2012). *See also Chase Group Alliance LLC v. City of N.Y. Dep't of Fin.*, 620 F.3d 146, 153 (2d Cir. N.Y. 2010) ("So long as state appellate remedies are available, a Section 1983 action is not an available vehicle for relief . . . '[w]hen § 1983 claims allege procedural due process violations, we nonetheless evaluate whether state remedies exist because that inquiry goes to whether a constitutional violation has occurred at all.'")

Plaintiff's arguments ignore the provisions of New York Education Law §§ 2590-h (19) and (38) which specifically grant the Chancellor the authority to "exercise all of the duties and responsibilities of the employing board as set forth in section three thousand twenty-a of this chapter with respect to any member of the teaching or supervisory staff," and to "delegate the exercise of all such duties and responsibilities to all of the community superintendents of the city district." N.Y. Educ. Law § 2590-h (38); *see also Dunn v. N.Y.C. Dep't of Educ.*, No. 115639110,2011 N.Y. Misc. LEXIS 3918, at *72 (Sup. Ct., N.Y. Cnty. July 27, 2011) (In "unambiguous terms," the statutory provisions of the Education Law "allow the Chancellor to delegate his or her powers with respect to [§ 3020-a].").

Section 2590-h(19) further provides that the Chancellor may "[d]elegate any of his or her powers and duties to such subordinate officers or employees as he or she deems appropriate and to modify or rescind any power and duty so delegated." N.Y. Educ. L. § 2590-h(19). Section 2590-f, in turn, authorizes Community Superintendents "to delegate any of her or his powers and duties to such subordinate officers or employees of her or his community district as she or he deems appropriate, at his or her sole discretion . . . ." N.Y. Educ. Law § 2590-f (1-

b).  The Chancellor of the DOE is thus authorized by New York Education Law to delegate his or her power to determine probable cause and initiate section 3020-a proceedings against a tenured employee to the community superintendents, who lawfully may further delegate those responsibilities to local principals within their districts.  *See Pina-Pena v. N.Y.C. Dep't. of Educ.*, No. 100517/13, 2014 NY Misc. LEXIS 1630, *9-*11 (Sup. Ct. N.Y. Cnty. Apr. 4, 2014) ("Notably, this argument has already been cast aside by other trial courts in recent years"); *Haas v. N.Y.C. Bd./Dept. of Educ.*, No. 110190/11, 2012 N.Y. Misc. LEXIS 1590, at ***3-***4 (Sup. Ct. N.Y. Cnty. Apr. 4, 2012) ("the Hearing Officer was authorized to conduct the Education Law § 3020-a proceeding on the basis of the charges preferred by the principal of petitioner's school").

In that the law allows delegation of the Chancellor's authority to prefer charges against tenured pedagogical staff, there was no violation of statute, the disciplinary procedures were properly conducted under New York Education Law and Plaintiff was afforded due process under the Law as set forth in §§ 2590-h (19) and (38).  Therefore, Plaintiff's claim must be dismissed. Plaintiff's Stigma-Plus Claim Must be Dismissed

Plaintiff attempts to state a claim for deprivation of a protected liberty interest by alleging a stigma-plus claim.  Specifically, Plaintiff appears to claim that he was denied a proper Section 3020-a hearing by defendant DOE, and as a result of this action has suffered "monetary damages, a loss of past and future income, severe emotional distress, humiliation, mental and physical anguish and suffering and damage to his professional reputation," *See* Complaint, ECF Doc. No. 34, ¶¶ 53-54.  This claim must be dismissed because the Complaint fails to plead facts plausibly suggesting, among other things, that the DOE's actions in the Section 3020-a hearing were made sufficiently public.

To state a claim for stigma-plus, Plaintiff must allege that the government (1) made an "utterance of a statement sufficiently derogatory to injure [the plaintiff's] reputation, that is capable of being proved false, and that [the plaintiff] claims is false," and (2) imposed a "material . . . burden or . . . alteration of the plaintiff's status or rights." *Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010). The statement at issue must also "be sufficiently public to create or threaten a stigma." *Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005).

In the Amended Complaint, Plaintiff makes no claim that the DOE publicly disseminated any particular statement or information about him. Plaintiff's claim for the deprivation of a protected liberty interest through stigma-plus, must accordingly fail for lack of publicity. Thus, as this Court ruled in *Ingber,* 2014 U.S. Dist. LEXIS 170007, at *9, any liberty interest claim by Plaintiff must be dismissed.

**E. Plaintiff's claim Under 29. U.S.C. § 185 Is Insufficiently Plead and Must Be Dismissed**

Plaintiff alleged a violation of 29 U.S.C. § 185, "specifically the Labor Management Relations Act Section 301". *See* Amended Complaint, ECF Doc. No. 34, ¶ 1. This claim is never fleshed out or explained, and although 29 U.S.C. § 185 is the subheading for Plaintiff's fourth claim for relief, it is not mentioned in the text that follows. *See* Amended Complaint, ECF Doc. No. 34, ¶ 46-48.

Although 29 U.S.C. § 185 governs actions between unions and employers for breach of a collective bargaining agreement, the Act contemplates not only suits between unions and employers, but also suits by individual employees to vindicate "uniquely personal" rights such as wages, wrongful discharge, etc. *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976). However, Plaintiff makes out no claim under the act, and points to no right/clause

from the Collective Bargaining Agreement that Defendant(s) have abrogated. Therefore, his claim under 29 U.S.C. § 185 must be dismissed.

## POINT III

### PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED

**A.    Plaintiff's Failure to Plead or File a Notice of Claim Requires Dismal of All State Law Claims**

New York State's Education Law and General Municipal Law forbid bringing any claim against a school district or its officers unless the party seeking to bring the claim first files a written notice of claim on the governing board of the school district within ninety days of the claim arising.  N.Y. Educ. L. § 3813(1); N.Y. Gen. Mun. Law § 50-e(1)(a).  *See also United States v. N.Y.C. Dept. of Educ.*, 2017 U.S. Dist. LEXIS 45816, at *6-7 (S.D.N.Y. Mar. 28, 2017) (citing *Bacchus v. N.Y.C. Dept. of Educ.*, 137 F. Supp. 3d 214, 234 (E.D.N.Y. 2015).  A Plaintiff must plead and prove compliance with the notice of claim requirement, and failure to do so is grounds for dismissal. *See Moore v. City of N.Y.*, 2010 U.S. Dist. LEXIS 19183, at *27-29 (S.D.N.Y. Mar. 1, 2010); *Biggers v. Brookhaven-Comsewogue Union Free School District*, 127 F. Supp. 2d 452, 454 (S.D.N.Y. 2001);

Notice of claim requirements are strictly construed.  *See Murray v. LeRoy Cent. Sch. Dist.*, 67 N.Y.2d 775 (1986).  Consequently, if a litigant fails to properly file a notice of claim, he will be deemed to have failed to satisfy a necessary condition to initiate his claim and a proceeding thereafter filed will be dismissed.  *See Davidson v. Bronx Mun. Hosp.,* 64 N.Y.2d 59, 62 (1984*); Sangermano v. Board of Cooperative Educ. Services,* 290 A.D.2d 498 (2d Dep't. 2002*); Bidnick v. Johnson,* 253 A.D.2d 779 (2d Dep't. 1998).  Courts are without power to disregard failure to comply with notice of claim requirements, even to avoid a harsh result.  *See*

*Parochial Bus Systems v. Board of Education*, 60 N.Y.2d 539, 548 (1983), *aff'd, N.Y. Bus Tours v. Kheel*, 993 F.2d 1533 (2d Cir. 1992).

Here, Plaintiff has failed to plead that he filed a notice of claim. Accordingly, all state claims asserted in the Complaint should be dismissed for failing to plead, a notice of claim.

**B.      Plaintiff's State Law Claims Are Barred By The Statute of Limitations**

Plaintiff's state law claims are also barred by the failure to bring them within the applicable one-year statutory period established in New York Education Law § 3813 (2-b). Indeed, even absent New York Education Law § 3813 (2-b), Plaintiff's claim for intentional infliction of emotional distress is also time barred under the one-year statute of limitations under New York law applicable to claims of assault, battery, and intentional infliction of emotional distress. N.Y. C.P.L.R. § 215(3). *See also Leibovitz v. City of N.Y.*, 2015 U.S. Dist. LEXIS 170476, at *51 (S.D.N.Y. Dec. 18, 2015) (citing *Bellissimo v. Mitchell*, 122 A.D.3d 560, 561 (2d Dep't 2014)).

Plaintiff's state law claims accrued, at the very latest, in December 2016, when he was terminated. He thus had to bring any state law claims by December 2017 at the latest. Plaintiff, however, did not commence the instant proceeding until November 2018. Therefore, even if not precluded by the failure to file a Notice of Claim, Plaintiff's state claims would be precluded by the statute of limitations. *See Krauz v. Commack Union Free Sch. Dist.*, 203 A.D.2d 334, 610 N.Y.S.2d 540 (2d Dep't 1996) (one year statute of limitations period applied to wrongful termination claim by former employee of a school district); *Peek v. Williamsville Bd. of Educ.*, 221 A.D.2d 919, 635 N.Y.S.2d 374 (4th Dep't 1995) (holding that plaintiff's causes of action alleging violations of his State civil and constitutional rights and of his employment contract and his tenure rights were barred by plaintiff's failure to apply to file a notice of claim

within the applicable one-year statute of limitations period for commencing an action), *modified and aff'd*, 247 A.D. 2d 924, 925 (4th Dep't 1998).

**C.    Plaintiff's Negligent and Intentional Infliction of Emotional Distress Claims Must Be Dismissed**

Plaintiff alleges in the Complaint that the DOE engaged in intentional and negligent infliction of emotional distress, presumably by preferring Section 3020-a charges against him and subsequently, terminating his employment.  *See* Amended Complaint, ECF Doc. No. 34, ¶ 43-45.  Each of these claims must fail for the reasons set forth below.

It is well-settled that "public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity."  *Wyllie v. Dist. Attorney of the County of Kings, et al.*, 2 A.D.3d 714, 720, 770 N.Y.S.2d 110, 115 (2d Dep't 2003); *Moore v. Melesky*, 14 A.D.3d 757, 761, 788 N.Y.S.2d 679, 683 (3d Dep't 2005).  As such, plaintiff's claim against the DOE for intentional infliction of emotional distress must be dismissed.

Even if the DOE were subject to a claim for intentional infliction of emotional distress, Plaintiff would be unable to establish the elements necessary for such a claim.  To state a claim for intentional infliction of emotional distress against defendant, the plaintiff must allege and establish (i) extreme and outrageous conduct, (ii) with the intent to cause emotional distress, (iii) a causal connection between the conduct and the alleged injury, and (iv) that plaintiff has suffered severe emotional distress.  *Graupner v. Roth*, 293 A.D.2d 408, 410, 742 N.Y.S.2d 208, 210 (1st Dep't 2002).  In the very few instances in which the First Department has upheld claims of intentional infliction of emotional distress, those claims were "supported by allegations detailing a longstanding campaign of deliberate, systematic and malicious harassment of the plaintiff."  *Seltzer v. Bayer*, 272 A.D.2d 263, 264-5, 709 N.Y.S.2d 21, 23 (1st Dep't 2000).

For conduct to be sufficiently "extreme and outrageous" to give rise to a claim for intentional infliction of emotional distress, it must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Brasseur v. Speranza*, 21 A.D.3d 297, 298, 800 N.Y.S.2d 669, 671 (1st Dep't 2005)(citing *Murphy v. American Home Products Corp.,* 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232, 236 (1983)).  Indeed, the "threshold of outrageousness is so difficult to reach that, of the intentional infliction of emotional distress claims considered by the Court of Appeals, 'every one has failed because the alleged conduct was not sufficiently outrageous.'"  *Seltzer v. Bayer*, 272 A.D.2d 263, 264, 709 N.Y.S.2d 21, 23 (1st Dep't 2000)(citing *Howell v. New York Post Co., Inc.,* 81 N.Y.2d 115, 122, 596 N.Y.S.2d 350, 353 (1993)).  The Complaint does not come close to satisfying this demanding standard.

To the extent Plaintiff alleges a claim for negligent infliction of emotional distress, this claim too must fail because Plaintiff's allegations do not reach the high standard of conduct which negligent infliction of emotional distress claims address.  As affirmed by Justice Engoron in Plaintiff's Article 75 proceeding, Plaintiff "was given great leeway to pre-disciplinary correction of his conduct" and due to his arrogant and oppositional refusal to comply with the DOE's internet policy, the "seriously offensive, disruptive, and irresponsible nature of many of the emails," the DOE had just cause to terminate him.  *See Green*, annexed to the Wood Decl. as Ex. "1," at 4 (internal citations omitted).  A claim of negligent infliction of emotional distress requires that the defendant's conduct be extreme and outrageous.  *Leibovitz v. City of N.Y.*, 2015 U.S. Dist. LEXIS 170476, at *62 (S.D.N.Y. Dec. 18, 2015)(citing *Berrios v. Our Lady of Mercy Medical Center*, 20 A.D.3d 361, 362 799 N.Y.S.2d 452, 454 (1st Dep't 2005)).  Here, the arbitrator in the 3020-a hearing concluded that it was the Plaintiff's behavior which

was extreme, and indeed so extreme as to warrant termination. *See Green*, annexed to the Wood Decl. as Ex. "1."

**D.      Plaintiff's Negligence Claim Must Be Dismissed**

Filing a notice of claim is a clear and mandatory condition precedent to a cause of action premised on a theory of negligence against a school district. *See* N.Y. Educ. Law § 3813(1). As previously stated, Plaintiff failed to file a Notice of Claim within 90 days and therefore his negligence claim is barred. However, even if he had filed a Notice of Claim the Amended Complaint fails to properly articulate a claim for Negligence. Rather, the due process contentions are re-stated as a negligence claim. *See* Amended Complaint, ECF Doc. No. 34, ¶ 56.

"In order to establish a claim of negligence, plaintiff must demonstrate each of following elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Genao v. Board of Educ.*, 888 F. Supp. 501, 505 (S.D.N.Y. 1995) (internal citations omitted). The Amended Complaint fails to identify what duty owed by DOE to the Plaintiff, instead claiming that there was a "non-delegable duty to utilize reasonable care and judgement in performance of [defendants'] respective responsibilities and obligations with respect to the Plaintiff." However, there is no proven "duty to utilize reasonable care" that the DOE owes to employees, and public entities such as the DOE, under the doctrine of sovereign immunity, cannot generally be held liable for breach of their governmental duties. *See Genao* at 505. The disciplining (and termination) of teachers in a public school is a governmental function. Therefore, Plaintiff's Negligence claim against DOE must be dismissed.

**E.      Plaintiff's Whistleblower Claim under Civil Service Law §75-b Must Be Dismissed**

Plaintiff asserts a violation of Civil Service Law §75-B, *see* Amended Complaint, ECF Doc. No. 34, ¶ 39, which prohibits retaliatory action by public employers.   Any allegations under §75-b are related to Plaintiff's First Amendment claim, and should be dismissed for the same reasons mentioned in Point II (c), *supra*.   Additionally, Plaintiff's whistleblower claims were addressed in both his Section 3020-a hearing and the Article 75 Proceeding, and therefore collateral estoppel applies to the factual determinations rendered.   *See Matusick v. Erie County Water Auth.*, 757 F.3d 31, 46 (2d Cir. 2014).   Specifically, Justice Engoron held that Plaintiff's argument that he should be afforded "whistleblower" status was unavailing, and stated how the hearing officer had considered this argument but deemed it unpersuasive.   *See Green*, annexed to the Wood Decl. as Ex. "1," at p. 4.   As Plaintiff's whistleblower status has already been denied by the DOE hearing officer and New York County Supreme Court, this Court should dismiss any §75-b claims as precluded by collateral estoppel.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that its motion to dismiss the Complaint be granted, that the Complaint be dismissed with prejudice, that judgment be entered for Defendant, and that Defendant be granted costs, fees, and expenses together with such other and further relief as this Court deems just and proper.

Dated:      New York, New York
            December 10, 2019

Respectfully Submitted,

JAMES E. JOHNSON
Corporation Counsel of the City of New York
Attorney for Defendant Department of
Education
100 Church Street, Room 2-108
New York, New York 10007
(212) 356-2440
shwood@law.nyc.gov

By: */s/ Shaina Wood*
Shaina Wood
Assistant Corporation Counsel