UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DR. RUPERT GREEN,

　　　　　　　　　　　　　　　　　　　　　　　　18-CV-10817 (AT) (GWG)

　　　　　　　　　　　　Plaintiff,

　　　　　　　-against-

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK; and THE UNITED
FEDERATION OF TEACHERS,

　　　　　　　　　　　　Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF THE UNITED
FEDERATION OF TEACHERS, LOCAL 2, AFT, AFL-CIO**

Office of Robert T. Reilly
*Attorney for Defendant United Federation of Teachers*
52 Broadway, 9th Floor
New York, NY 10004
(212) 228-3382

ORIANA VIGLIOTTI
*Of Counsel*

# CONTENTS                                                              PAGE

PRELIMINARY STATEMENT ................................................................. 1

STATEMENT OF FACTS ..................................................................... 2

ARGUMENT ................................................................................ 5

    I.   The Amended Complaint Should Be Dismissed Because this Court Lacks Subject
        Matter Jurisdiction Over a DFR Claim Brought By a Public Employee ...................... 5

    II.  The Amended Complaint Fails to State Any Claim Against the UFT Upon Which
        Relief Can Be Granted ...................................................................... 7

        A.  Even if this Court had Jurisdiction over Green's DFR Claim, the Claim should be
             dismissed under FRCP 12(b)(6) ...................................................... 7

            1.  Green's DFR Claim in Untimely ................................................ 7

            2. Green's DFR Claim Fail Under Martin v. Curran ................................ 8

        B.  Green's Constitutional Claims Fail Against the UFT ................................ 9

            1.  Green's Procedural Due Process Claims Fail as Green Was Afforded
               Sufficient Process Under the Law ........................................... 11

        C.  Green's State Law Claims Fail to State a Claim Against the UFT and Should be
            Dismissed ....................................................................... 14

            1.  Green's Claim of Retaliation Under New York State Civil Service Law § 75-b
               Fails........ ................................................................... 14

            2.   Green's Claims for Intentional Infliction of Emotional Distress and Negligent
               Infliction of Emotional Distress Fail Against the UFT ........................ 14

    III. The Amended Complaint Should Be Dismissed under FRCP 12(b)(5) for Insufficient
        Service of Process ......................................................................... 16

CONCLUSION ............................................................................. 18

NYCLegal 197990

CASES

*Adams v. new York State Educ. Dep't*, 752 F. Supp. 2d 420, 456-57 (S.D.N.Y. 2010) .............. 17

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................... 11

*Ava v. NYP Holdings, Inc.*, 64 A.D.3d 407 (1st Dep't 2009) ........................................ 20

*Baumgart v. Stony Brook Children's Serv., P.C.*, 249 Fed. Appx. 851 (2d Cir. 2007) ................. 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................... 11

*Bhatia v. Yale Sch. of Med.*, 347 F. App'x 663 (2d Cir. 2009) ...................................... 14

*Bitterman v. Herricks Teachers Ass'n*, 632 N.Y.S.2d 173 (2d Dep't 1995) .............................. 12

*Bloom v. Democratic Nat. Comm.*, No. 01 CIV. 11598 (RWS), 2002 WL 31496272 (S.D.N.Y. Nov. 6, 2002) ....................................................................................... 21

*Brass v. Am. Film Techs., Inc.*, 987 F.2d 142 (2d Cir. 1993) ........................................ 6

*Cardinale v. NYC Department of Education*, Index No. 85165-2017 (Sup. Ct. Richmond Cty., 2018) .......................................................................................... 15

*Carris v. First Student, Inc.*, 132 F. Supp. 3d 321 (N.D.N.Y. 2015) .................................. 14

*Ciambriello v. Cty. of Nassau*, 292 F.3d 307 (2d Cir. 2002) ........................................ 14

*Dorcely v. Wyandanch Union Free Sch. Dist.*, No. 06-CV-1265 (DRH) (AKT), 2007 WL 2815809 (E.D.N.Y. Sept. 25, 2007) ..................................................................... 14

*Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89 (2d Cir. 2006) .................................. 20

*Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187 (2d Cir. 2009) .................................... 9

*Fowlkes v. Ironworkers Local 40*, 790 F.3d 378 (2d Cir. 2015) ...................................... 11

*Gear v. Dep't of Educ.*, 472 Fed. Appx. 67 (2d Cir. 2012) .......................................... 9

*Goodman v. Port Auth. of New York & New Jersey*, No. 10 CIV. 8352, 2011 WL 3423800 (S.D.N.Y. Aug. 4, 2011) ......................................................................... 19

*Green v. Dep't of Educ. of City of New York*, No. 18 Civ. 10817 (AT) (GWG), 2019 WL 3432306 (S.D.N.Y. July 31, 2019) ................................................................. 8

*Green v. NYC Bd./Dep't of Educ.*, No. 102017/2016 (Sup. Ct. N.Y. Cty. Feb. 20, 2018) ............. 7

*Haas v. New York City Dep't of Educ.*, 2012 N.Y. Slip Op. 50606(U) (Sup. Ct. N.Y. Cty. 2012) ................................................................................................................................. 17

*Hood v. Ascent Med. Corp.*, No. 13 CIV. 628, 2014 WL 5089559 (S.D.N.Y. Oct. 9, 2014) ...... 22

*Howell v. New York Post Co.*, 81 N.Y.2d 115 (1993) .................................................. 18

*Leonel Cruz v. United Auto. Workers Union Local 2300*, No. 3:18-CV-0048 (GTS/ML), 2019 WL 3239843 (N.D.N.Y. July 18, 2019) ................................................................ 13

*Liu v. New York City Bd,/Dep't of Educ.*, 2012 N.Y. Slip Op. 30008(U) (Sup. Ct. N.Y. Cty. 2014) ................................................................................................................ 16

*Marrero v. City of N.Y.*, No. 02 Civ. 6634 (DLC), 2003 WL 1621921 (S.D.N.Y. Mar. 28, 2003) ................................................................................................................ 14

*Martin v. Curran*, 303 N.Y. 276 (1951) ......................................................... 12, 13, 19

*Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371 (2d Cir.1978) .............................. 21

*Mason Tenders Dist. Council of Greater New York v. WTC Contracting, Inc.*, No. 06 CIV. 14200 (JGK), 2007 WL 2119897 (S.D.N.Y. July 23, 2007) ....................................... 20

*McDonald v. New York City Bd./Dep't of Educ.*, 2015 WL 4038759, Index No. 652713-2014 (Sup. Ct. N.Y. Cty. 2015) ........................................................................... 16

*McGann v. New York*, 77 F.3d 672 (2d Cir.1996) ......................................................... 21

*McGugan v. Aldana-Bernier*, 752 F.3d 224 (2d Cir. 2014) .............................................. 14

*McKnight v. Middleton*, 699 F. Supp. 2d 507 (E.D.N.Y. 2010) .......................................... 14

*Menchin v. New York City Dep't of Educ.*, 2011 N.Y. Slip Op. 51344(U) (Sup. Ct. Rockland Cty 2011) ................................................................................................ 16

*Mendez v. New York City Bd./Dep't of Educ.*, 2014 WL 7496576, Index No. 651903-2013 (Sup. Ct. N.Y. Cty. 2014) ............................................................................... 16

*Modeste v. Local 1199, Drug, Hosp. & Health Care Emps. Union*, 850 F. Supp. 1156 (S.D.N.Y. 1994) ................................................................................................ 20

*Morton v. Mulgrew*, 39 N.Y.S.3d 789, 144 A.D.3d 447 (1st Dep't 2016) ................................. 13

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97 (1987)) ................................... 20

*Palladino v. CNY Centro, Inc.*, 23 N.Y.3d 140 (2014) .................................................. 13

*Pina-Pena v. New York City Dept. of Educ.*, 2014 N.Y. Slip Op. 30893(U) (Sup. Ct. N.Y. Cty. 2014) ................................................................................................................. 16

*Pocino v. New York City Bd./Dep't of Educ.*, 2011 N.Y. Slip Op. 51513(U) (Sup. Ct. N.Y. Cty. 2011) ................................................................................................................. 17

*Rodriguez-Rivera v. City of New York*, No. 05 CIV. 10897 (LAP), 2007 WL 766195 (S.D.N.Y. Mar. 12, 2007) ......................................................................................................... 9

*Roman v. Dep't of Educ. of the City of New York*, 2014 N.Y. Slip Op. 30472(U) (Sup. Ct. N.Y. Cty. 2014) ......................................................................................................... 16

*Sacino v. Warwick Valley Cent. Sch. Dist.*, 29 N.Y.S.3d 57 (2d Dep't 2016) ............................ 19

*Salemeh v. Toussaint*, 2003 WL 23945600 (Sup. Ct. N.Y. Cty. 2003) ........................................ 19

*Sales v. New York City Transit Auth.*, No. 08 CIV. 3420 (LAP), 2010 WL 87758 (S.D.N.Y. Jan. 7, 2010) ................................................................................................................. 19

*Simons Koppel v. New York City Dep't of Educ.*, 2011 N.Y. Slip Op. 32160(U) (Sup. Ct. N.Y. Ct.y 2011) ................................................................................................................. 17

*Sira v. Morton*, 380 F.3d 57 (2d Cir. 2004) ............................................................................. 6

*Smith v. Bray*, No. 13-CV-07172-NSR-LMS, 2014 WL 5823073 (S.D.N.Y. Nov. 10, 2014) .... 21

*Soleyn v. New York City Dep't of Educ.*, 33 Misc.3d 1211(A), 2011 N.Y. Slip Op. 51897(U) (Sup. Ct. N.Y. Cty. 2011) ...................................................................................... 17

*Taggart v. Costabile*, 14 N.Y.S.3d 388, 131 A.D.3d 243 (2d Dep't 2015). ................................ 19

*Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631 (2d Cir. 2016) ................................................... 13

*U.S. Info. Sys., Inc. v. Int'l Broth. of Elec. Workers Local Union No. 3, AFL-CIO*, No. 00 CIV. 4763 (RMB), 2002 WL 91625 (S.D.N.Y. Jan. 23, 2002) ................................................. 20

*Vaca v. Sipes*, 386 U.S. 171 (1967) ............................................................................................ 9

*White v. White Rose Food*, 237 F.3d 174 (2d. Cir. 2001) ............................................................. 9

*White-Grier v. New York City Bd./Dep't of Educ.*, 2012 N.Y. Slip Op. 32466 (Sup. Ct. N.Y. Cty. 2012) ................................................................................................................. 17

*Williams v. New York City Dep't of Educ.*, 2014 N.Y. Slip Op. 32258(U) (Sup. Ct. N.Y. Cty. 2014) ................................................................................................................. 16

**STATUTES AND RULES**

29 U.S.C. § 185 .................................................................................................... 8

4 N.Y.C.R.R. § 204.1(a)(1) ................................................................................. 10

42 U.S.C. § 1983 ................................................................................................. 13

CPLR § 217(2)(a) ................................................................................................ 11

Education Law § 2590-f(1)(t) .............................................................................. 15

Education Law § 2590-h(38) ............................................................................... 15

FRCP Rule 12(b)(6) ........................................................................................ 4, 10

Green's Civil Service Law § 75-b ....................................................................... 17

N. Y. General Associations Law § 13 ................................................................. 11

N.Y. CPLR § 215(3) ........................................................................................... 19

New York Civil Service Law § 75-b(1)(a) .......................................................... 17

New York Civil Service Law §§ 200 ..................................................................... 6

New York State Civil Service Law § 75-b ........................................................... 17

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of defendant United Federation of Teachers, Local 2, AFT, AFL-CIO ("UFT") in support of its motion to dismiss the Amended Complaint of *pro se* plaintiff Dr. Rupert Green pursuant to Rules 12(b)(1), (5), and (6) of the Federal Rules of Civil Procedure.

From February 2001 through April 2016, defendant New York City Department of Education ("DOE") employed Green as a tenured teacher. In April 2016, the DOE initiated disciplinary charges against Green pursuant to New York Education Law § 3020-a ("§ 3020-a"), alleging that Green engaged in misconduct, by, among other things, sending inappropriate and harassing emails to fellow school staff members. A hearing was held in accordance with Education Law § 3020-a, and by written decision dated December 9, 2016, the Hearing Officer terminated Green's employment with the DOE.

Green then filed a petition in New York State Supreme Court to vacate the § 3020-a decision. Green's petition was denied on February 20, 2018 by the Decision and Order of Justice Arthur F. Engoron. Unsatisfied with Justice Engoron's Decision and Order, Green decided to try his luck in federal court, and on November 19, 2018, he filed a complaint with this Court against the DOE and former DOE Chancellor Carmen Fariña alleging constitutional and state law violations and seeking to reverse the termination of his employment. On September 23, 2019, this Court dismissed Green's complaint, but granted Green leave to amend. On October 22, 2019, Green filed the Amended Complaint, which named, for the first time, the UFT in the action.

The Amended Complaint largely mirrors the original complaint. Green alleges violations of his First and Fourteenth Amendment rights and brings state law claims for intentional and negligent infliction of emotional distress. Green also makes an ambiguous, blanket negligence claim and brings claims under the New York Civil Service Law § 75-b and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

Although the Amended Complaint makes scant reference to allegations concerning the UFT, the crux of Green's complaint against the UFT can be distilled into a claim for breach of the duty of fair representation ("DFR"). This DFR claim should be dismissed, as this Court lacks subject matter jurisdiction over duty of fair representation claims brought by a public employee against his union, and any DFR claim under New York law is time-barred.

Additionally, even assuming *arguendo* that this Court has subject matter jurisdiction over Green's DFR claim, that claim, like all of Green's claims should be dismissed for failure to state a claim against the UFT. Moreover, Green failed to serve the UFT with a summons as required by FRCP 4(c)(1). Accordingly, the UFT has not been sufficiently served with process in this matter, and the Amended Complaint should be dismissed.

## STATEMENT OF FACTS[1]

From approximately February 2001 to April 2016, Green was a tenured teacher employed by the DOE, specializing in computer technology and Career Technical Education ("CTE"). Amended Complaint filed on October 22, 2019 ("AC") ¶10. Throughout his employment with the DOE, Green taught at the School of Cooperative Technical Education ("Coop Tech"), a multi-site high school that specializes in CTE and vocational trade. AC ¶ 10. Green was also a member of the UFT. AC ¶ 20.

---

[1] The facts set forth in the Amended Complaint, except for conclusory statements or legal conclusions, are presumed to be true for purposes of the instant motion only to the extent required by law.

The UFT is an unincorporated labor organization, which operates pursuant to the New York General Associations Law. Declaration of Oriana Vigliotti in Support of the United Federation of Teachers' Motion to Dismiss, dated December 11, 2019 ("Vigliotti Decl.") at ¶ 4.[2] The UFT is also an employee organization pursuant to the New York Public Employees' Fair Employment Act, New York Civil Service Law §§ 200, *et seq.* (the "Taylor Law"). As such, the UFT is the exclusive bargaining representative for all non-supervisory pedagogical staff members employed by the DOE and is party to a collective bargaining agreement ("CBA") with the DOE. Vigliotti Decl. at ¶ 5.

On November 5, 2015, a Coop Tech Assistant Principal filed a complaint with the DOE Special Commissioner of Investigations ("SCI"), alleging that Green violated the DOE's email and Internet policy by sending inappropriate and harassing emails to Coop Tech staff. AC ¶¶ 21, 22. On January 28, 2016, the Principal of Coop Tech filed another complaint with SCI alleging the same misconduct. AC ¶ 23. After conducting an investigation, the SCI investigator substantiated both complaints. AC ¶ 24.

In April 2016, the DOE initiated disciplinary charges against Green pursuant to Education Law § 3020-a. Affidavit of Dr. Rupert Green, ¶ 3, annexed to AC. The DOE alleged that Green engaged in misconduct by sending the emails that formed the underlying bases for the two SCI complaints. AC ¶¶ 26, 27. A subsequent hearing was held before Hearing Officer Leah L. Murphy, Esq. AC ¶ 26. Both parties were represented by counsel during the hearing, which took place over 12 days and involved the testimony of 17 witnesses and the review by the

---

[2] When deciding a motion to dismiss, a court may consider "the factual allegations in [the complaint], what are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff's possession or of which plaintiff had knowledge and relied upon in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *see also See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (noting that a court deciding a Rule 12(b)(6) motion may consider all documents included in the complaint whether by attachment, through incorporation by reference, or because the documents are integral to the pleading).

hearing officer of 42 documentary exhibits, including all 116 of Green's emails. *See Green v. NYC Bd./Dep't of Educ.*, No. 102017/2016 (Sup. Ct. N.Y. Cty. Feb. 20, 2018), annexed to Vigliotti Decl. as Exhibit A.

By written decision dated December 9, 2016, Hearing Officer Murphy terminated Green's employment with the DOE. *See id.*; *see also* AC ¶¶ 26, 27. In the decision, Hearing Officer Murphy found that Green sent inappropriate and unprofessional emails to staff in violation of the DOE's Internet use policy. Vigliotti Decl., Ex. A [*Green v. NYC Bd./Dep't of Educ.*, No. 102017/2016]. She also found that Green guilty of insubordination and neglect of duty. *See id.*; *see also* AC ¶¶ 26-28.

Procedural History

On December 13, 2016, Green filed a petition pursuant to Civil Practice Law and Rules ("CPLR") Article 75 to vacate Hearing Officer Murphy's decision in New York State Supreme Court. AC ¶ 29. On February 20, 2018, Justice Arthur F. Engoron denied Green's petition and upheld Hearing Officer Murphy's decision, holding that Green "failed to establish that the [decision] was arbitrary, capricious, or otherwise improper" and further held that Hearing Officer Murphy's decision was "based on overwhelming evidentiary support." Vigliotti Decl., Ex. A [*Green v. NYC Bd./Dep't of Educ.*, No. 102017/2016] at 3. In the February 20, 2018 decision, Justice Engoron specifically upheld Hearing Officer Murphy's conclusion that Green was not retaliated or discriminated against and was "given great leeway to pre-disciplinary correction of his conduct." *Id.* at 4-5.

Thereafter, on November 19, 2018, Green filed a complaint against the DOE and former Chancellor Fariña in this Court seeking yet again to overturn the termination of his employment. On July 31, 2019, the Honorable Gabriel W. Gorenstein issued a Report and Recommendation recommending the complaint be dismissed for failure to state a claim. *Green v. Dep't of Educ. of*

*City of New York*, No. 18 Civ. 10817 (AT) (GWG), 2019 WL 3432306 (S.D.N.Y. July 31, 2019) (the "Report and Recommendation"). On September 23, 2019, this Court adopted the Report and Recommendation and dismissed the complaint with leave to amend. *Green v. Dep't of Educ. of City of New York*, No. 18 Civ. 10817 (AT) (GWG), 2019 WL 4622077, at *2 (S.D.N.Y. Sept. 23, 2019). In the September 23, 2019 decision, this Court held that "[e]ven construing Plaintiff's objections to the [Report and Recommendation] broadly because he is proceeding *pro se*, his objections are conclusory, vague, and fail to state any specific basis for not adopting the [Report and Recommendation]." *Green*, 2019 WL 4622077, at *2. (citations omitted). Green then filed the Amended Complaint on October 22, 2019 and added the UFT, for the first time, as a defendant to the action.

## ARGUMENT

I.  The Amended Complaint Should Be Dismissed Because this Court Lacks Subject Matter Jurisdiction Over a DFR Claim Brought By a Public Employee

Although the Amended Complaint purports to set forth six claims for relief, the only claim that can reasonably construed against the UFT in the Amended Complaint is one for a breach of the DFR. *See* AC ¶ 47 (alleging the UFT "used a 'hands off' policy which led [plaintiff] into a 3020-a without proper determination of probable cause and other denial of his tenured, protected rights including those included in the [CBA]"); *see also* AC Fourth Claim For Relief "Violations pursuant to 29 U.S.C. § 185." As this Court is well aware, a plaintiff cannot prevail on a hybrid § 301 claim against either the employer or the union unless the employee can show that the employer violated the labor contract and the union breached its duty of fair representation. The employee-plaintiff must be able to prove both elements in order to prevail against either the employer or the union. *Vaca v. Sipes*, 386 U.S. 171, 190-92 (1967); *White v. White Rose Food*, 237 F.3d 174, 178 (2d. Cir. 2001).

It is settled law in the Second Circuit that federal courts do not have subject matter jurisdiction over duty of fair representation claims that involve public employees. *See Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (federal courts lack subject matter jurisdiction over duty of fair representation claims brought by public employees). In *Ford*, the Second Circuit noted that "[w]e deem it appropriate to issue a published opinion and thereby make clear beyond peradventure that this is the law of our Circuit." *Id.*; *see also Baumgart v. Stony Brook Children's Serv., P.C.*, 249 F. App'x 851, 852–53 (2d Cir. 2007)[3]; *Gear v. Dep't of Educ.*, 472 F. App'x 67 (2d Cir. 2012) (dismissing DFR claim brought by public employee employed by school district for lack of subject matter jurisdiction). In *Rodriguez-Rivera v. City of New York*, No. 05 CIV. 10897 (LAP), 2007 WL 766195 (S.D.N.Y. Mar. 12, 2007), *motion to reopen denied*, 2016 WL 3443650 (S.D.N.Y. May 31, 2016), this Court dismissed a similar *pro se* complaint brought against the UFT alleging a breach of the DFR, holding that "[t]he question of whether the UFT breached its duty of fair representation is beyond the subject matter jurisdiction of this Court" because the plaintiff UFT member was a public employee. *Rodriguez-Rivera*, 2007 WL 766195, at *3.

Here, at all operative times, Green was employed by the DOE, which is unquestionably a public employer. Accordingly, the allegations in the Amended Complaint all relate to Green's employment as a public employee, and the Amended Complaint should be dismissed because this Court lacks subject matter jurisdiction over Green's DFR claim against the UFT.

---

[3] Pursuant to Rule 7.2 of the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, Defendant provided Plaintiff *pro se* with copies of cases and other authorities cited in this memorandum that are unpublished or reported exclusively on computerized databases.

II.     The Amended Complaint Fails to State Any Claim Against the UFT Upon Which Relief Can Be Granted

To defeat a FRCP Rule 12(b)(6) motion, a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678. If a plaintiff has not "nudged his claim across the line from conceivable to plausible, his complaint must be dismissed." *Twombly*, 550 U.S. at 570. A court must accept as true all of the allegations in the complaint, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

Although a *pro se* plaintiff is "entitled to special solicitude," and Green's pleadings should be read to "raise the strongest arguments that they suggest," a *pro se* complaint must still allege "enough facts to state a claim to relief that is plausible on its face." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (citations omitted). Here, Green has not, and cannot, allege facts to state a plausible claim for relief against the UFT.

A.  Even if this Court had Jurisdiction over Green's DFR Claim, the Claim should be dismissed under FRCP 12(b)(6)

2.  Green's DFR Claim is Untimely

Green's claim for breach of the DFR is governed by the "Taylor Law" and is thus subject to the Taylor Law's four-month statute of limitations. *See* 4 N.Y.C.R.R. § 204.1(a)(1) (Taylor Law provides for a four-month statute of limitations for improper practice charges brought

against a labor organization). This four-month statute of limitations begins to run on the date that the aggrieved employee knew or should have known that the alleged breach occurred. *See* CPLR § 217(2)(a).

The Hearing Officer terminated Green's employment with the DOE on December 9, 2016. AC ¶¶ 26, 27. On that date he was no longer a public employee and thus no longer a member of the UFT. He filed the initial complaint in this matter on November 19, 2018, almost a full two years after he was terminated, and joined the UFT as an additional defendant on October 22, 2019, almost three years after the termination of his employment with the DOE. The Amended Complaint alleges no further interactions between Green and the UFT after the termination of Green's employment. Indeed, the only allegation in the Amended Complaint referencing the UFT alleges that the UFT "used a 'hands off' policy" towards Green *prior* to the DOE seeking to terminate his employment. AC ¶ 47 (emphasis added). Thus, any DFR claim is time-barred. *See, e.g.*, *Bitterman v. Herricks Teachers Ass'n*, 632 N.Y.S.2d 173, 174 (2d Dep't 1995) (dismissing DFR claim where union member knew more than four months before lawsuit was filed that union was not going to take any action on his behalf).

### 3. Green's DFR Claim Fails Under *Martin v. Curran*

Even if Green's DFR claim were timely, it would fail because he has failed to allege that each member of the UFT ratified any action that may have breached the DFR. To succeed on a DFR claim, Green is required to plead and prove that every UFT member ratified the acts and/or omissions allegedly taken against him. *See Martin v. Curran*, 303 N.Y. 276 (1951). In *Martin*, a libel case against an unincorporated association labor union, like the UFT, the Court of Appeals, interpreting N.Y. General Associations Law § 13, held that an action against an unincorporated association, or its officers, could not be maintained if it is not pleaded and proven that each individual member of the unincorporated association authorized or ratified the action complained

of. *Id.* at 280. It does not matter whether the claim arises out of contract or tort. *Id.* at 281–82.

The theory underlying *Martin* is that:

> A voluntary, unincorporated association is neither a partnership nor a corporation. It is not an artificial person, and has no existence independent of its members. No agency of one member for another is implied. A part of the members of a voluntary organization cannot bind the others before the act which it is claimed binds them is done, or they, with full knowledge of the facts, ratify and adopt it.

*Id.* at 280. (citations omitted) The New York Court of Appeals reaffirmed *Martin* in *Palladino v. CNY Centro, Inc.*, 23 N.Y.3d 140 (2014), and held that a union member could not establish his DFR claim because he could not show entire union membership ratified the alleged acts giving rise to the claim. *See also Morton v. Mulgrew*, 39 N.Y.S.3d 789–90 (1st Dep't 2016) (UFT member's DFR claim failed under *Martin* rule); *Leonel Cruz v. United Auto. Workers Union Local 2300*, No. 3:18-CV-0048 (GTS/ML), 2019 WL 3239843, at *19 (N.D.N.Y. July 18, 2019) (reaffirming *Martin* rule).

The UFT is an unincorporated association with approximately 200,000 members. Vigliotti Decl. ¶ 4. The Amended Complaint fails to allege each and every member of the UFT ratified any alleged acts or omissions set forth therein. Moreover, it is a practical impossibility that Green would ever be able to prove each and every member of the UFT so ratified the acts/omissions set forth in the Amended Complaint, thus it is futile to permit him to file an additional amended complaint. *See Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) (*pro se* plaintiffs should be permitted to amend pleadings liberally, unless amendment would be futile). For these reasons, Green's DFR claim should be dismissed.

B. Green's Constitutional Claims Fail Against the UFT.

In the Amended Complaint, Green alleges violations of his First and Fourteenth Amended Rights. AC ¶¶ 35-37, 49-54. Claims alleging violations of constitutional rights must

be brought, as Green does here, pursuant to Section 1983 of the Civil Rights Act. 42 U.S.C. § 1983. "Section 1983 protects against the deprivation of constitutional rights by state actors." *McKnight v. Middleton*, 699 F. Supp. 2d 507, 530 (E.D.N.Y. 2010). "To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014); *see also Bhatia v. Yale Sch. of Med.*, 347 F. App'x 663, 664 (2d Cir. 2009) (to establish a violation of Section 1983, "a plaintiff must show that: (1) the defendants acted under color of state law; and (2) the defendants' actions resulted in a deprivation of plaintiff's constitutional rights").

Labor unions are generally not considered state actors. *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323–24 (2d Cir. 2002) (affirming dismissal of Section 1983 conspiracy claim against a union, noting that union representing state employees is not a state actor and finding conspiracy claims "especially hollow in light of the adversarial relationship" between the government entity and the union); *Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 350 (N.D.N.Y. 2015) *aff'd in part*, *vacated in part, remanded*, 682 F. App'x 30 (2d Cir. 2017); *Marrero v. City of N.Y.*, No. 02 Civ. 6634 (DLC), 2003 WL 1621921, at *4 (S.D.N.Y. Mar. 28, 2003) ("Labor Unions generally are not state actors."); *Dorcely v. Wyandanch Union Free Sch. Dist.*, No. 06-CV-1265 (DRH) (AKT), 2007 WL 2815809, at *4 (E.D.N.Y. Sept. 25, 2007) (same). Nonetheless, private actors such as labor unions may be subject to suits under Section 1983 where the "private entity acted in concert with the state actor to commit an unconstitutional act" or as a "willful participant in joint activity with the State or its agents." *Ciambriello*, 292 F.3d at 324 (quotations omitted).

However, a "merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Id.*; *see also*

*Dorcely*, 2007 WL 2815809, at *3–4 (dismissing pursuant to Rule 12(b)(6) a Section 1983 conspiracy claim alleged against a union due to conclusory nature of allegations).

Even broadly construing the Amended Complaint in the light most favorable to Green, the Amended Complaint contains no allegations of any conspiracy between the UFT and the DOE to violate Green's constitutional rights. The Amended Complaint contains only conclusory allegations that "defendants" violated his First Amendment constitutional rights by "retaliating against him for exercising his freedom of speech as a citizen." AC ¶ 36. There is no allegation that the UFT in any way conspired with the DOE to violate Green's First Amendment rights, nor could there be. Further, Green's allegations of violations of his Fourteenth Amendment right state only that "the NYC DOE constructively terminated Green's New York City license without providing procedural due process before the deprivation of property." AC ¶ 50. There is no allegation that the UFT took any action, let alone conspired with the DOE, to violate Green's Fourteenth Amendments rights. Accordingly, Green's constitutional claims should be dismissed.

### 4. Green's Procedural Due Process Claims Fail as Green Was Afforded Sufficient Process Under the Law

The Amended Complaint, far from properly alleging any constitutional violations, complains that Justice Engoron erred in his decision affirming Hearing Officer Murphy's termination of Green's employment by failing to follow the outlier decision in *Cardinale v. NYC Department of Education*, Index No. 85165-2017 (Sup. Ct. Richmond Cty., 2018). *See* AC ¶¶ 31-33 and Green Affidavit filed therewith. *Cardinale* vacated a hearing officer's decision terminating a tenured DOE teacher based, in part, on the court's finding that the DOE had not properly delegated authority to the Chancellor to prefer Education Law § 3020-a charges against the respondent teacher without a vote of the "Board of Education." *Cardinale*, Index No. 85165-2017 at 5-11.

However, for tenured teachers employed by the DOE, an affirmative vote of the Board of Education is not required. Under Education Law § 2590-h(38), the Chancellor has the express authority to prefer charges against tenured teachers. The Chancellor may delegate the authority to prefer charges to superintendents. *See* Education Law § 2590-h(38). A superintendent may then further delegate the authority to prefer charges to principals. *See* Education Law § 2590-f(1)(t); *Pina-Pena v. New York City Dept. of Educ.*, 2014 N.Y. Slip Op. 30893(U) (Sup. Ct. N.Y. Cty. 2014). This is exactly how the DOE processed the Charges brought against Green. *See e.g.*, Report and Recommendation, at *9 (finding that Green was afforded sufficient due process procedures under the Education Law).

*Cardinale* is a significant outlier, and this Court, in this action, as well as at least 15 different trial and appellate level courts have rejected the arguments set forth in the decision. *See* Report and Recommendation, at *9 ("[T]he [*Cardinale*] decision, however, is not controlling authority, and we find its reasoning unpersuasive."); *see also Menchin v. New York City Dep't of Educ.*, 2011 N.Y. Slip Op. 51344(U) (Sup. Ct. Rockland Cty. 2011) (affirmative vote of Board of Education is not required to prefer Education Law § 3020-a charges; Chancellor has the authority to prefer Education Law § 3020-a charges, which can be delegated to superintendents, who may further delegate such authority to local school principals); *McDonald v. New York City Bd./Dep't of Educ.*, 2015 WL 4038759, Index No. 652713-2014 (Sup. Ct. N.Y. Cty. 2015) (same); *Roman v. Dep't of Educ. of the City of New York*, 2014 N.Y. Slip Op. 30472(U) (Sup. Ct. N.Y. Cty. 2014), *aff'd*, 128 A.D.3d 590 (1st Dep't 2015) (same); *Williams v. New York City Dep't of Educ.*, 2014 N.Y. Slip Op. 32258(U) (Sup. Ct. N.Y. Cty. 2014) (same); *Mendez v. New York City Bd./Dep't of Educ.*, 2014 WL 7496576, Index No. 651903-2013 (Sup. Ct. N.Y. Cty. 2014) (same); *Liu v. New York City Bd,/Dep't of Educ.*, 2012 N.Y. Slip Op. 30008(U) (Sup. Ct. N.Y. Cty. 2014), *aff'd as mod.*, 107 A.D.3d 464 (1st Dep't 2013) (same); *Haas v. New York City*

*Dep't of Educ.*, 2012 N.Y. Slip Op. 50606(U) (Sup. Ct. N.Y. Cty. 2012), *aff'd as mod.*, 106 A.D.3d 620 (1st Dep't 2013) (same); *White-Grier v. New York City Bd./Dep't of Educ.*, 2012 N.Y. Slip Op. 32466 (Sup. Ct. N.Y. Cty. 2012) (same); *Pocino v. New York City Bd./Dep't of Educ.*, 2011 N.Y. Slip Op. 51513(U) (Sup. Ct. N.Y. Cty. 2011) (same); *Soleyn v. New York City Dep't of Educ.*, 33 Misc.3d 1211(A), 2011 N.Y. Slip Op. 51897(U) (Sup. Ct. N.Y. Cty. 2011) (same); *Simons Koppel v. New York City Dep't of Educ.*, 2011 N.Y. Slip Op. 32160(U) (Sup. Ct. N.Y. Ct.y 2011) (affirmative vote not required; superintendents have the authority to prefer charges.).

Here, Green was provided with written notice of the charges against him dated April 22, 2016, Green Affidavit ¶ 3, attached to AC, and he was afforded a hearing in which he was able to confront the DOE's witnesses and documentary evidence against him and present his own arguments in defense through counsel of his choosing. AC ¶¶ 26-28. As Magistrate Judge Gorenstein held in the Report and Recommendation, "this is all the process that Green was due under the Fourteenth Amendment." Report and Recommendation at 19 citing *Adams v. New York State Educ. Dep't*, 752 F. Supp. 2d 420, 456-57 (S.D.N.Y. 2010) (holding that although tenured New York City teachers were not permitted to participate in the selection of an arbitrator and that charges against them were not brought pursuant to vote of the school board, this did not "affect whether a tenured teachers receives 'oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story,' as due process requires"). Accordingly, Green was afforded the due process to which he was entitled and his procedural due process claim should be dismissed.

C. Green's State Law Claims Fail to State a Claim Against the UFT and Should be Dismissed

1. Green's Claim of Retaliation Under New York State Civil Service Law § 75-b Fails

Green also fails to state a claim against the UFT under New York Civil Service Law § 75-b, as this statutory provision concerns retaliatory actions by *public employers*. The UFT is not a public employer as defined by the Civil Service Law, and therefore is excluded from the statute's requirements. New York Civil Service Law § 75-b(1)(a) states:

> 'Public employer' or 'employer' shall mean (i) the state of New York, (ii) a county, city, town, village or any other political subdivision or civil division of the state, (iii) a school district or any governmental entity operating a public school, college or university, (iv) a public improvement or special district, (v) a public authority, commission or public benefit corporation, or (vi) any other public corporation, agency, instrumentality or unit of government which exercises governmental power under the laws of the state.

N.Y. Civ. Serv. Law § 75-b(1)(a). As set forth above, the UFT is unincorporated labor organization, which operates pursuant to the New York General Associations Law, not a public employer. Accordingly, Green's Civil Service Law § 75-b claim fails against the UFT.

2. Green's Claims for Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress Fail Against the UFT

Green's claims for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED") fail on the merits. Moreover, Green's IIED claim is time-barred. To prove IIED, a plaintiff must show: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress. *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121 (1993).

A cause of action to recover damages for NIED "generally requires a plaintiff to show a breach of a duty owed to him which unreasonably endangered his physical safety, or caused him to fear for his own safety." *Sacino v. Warwick Valley Cent. Sch. Dist.*, 29 N.Y.S.3d 57, 60 (2d

Dep't 2016). An NIED claim alleging only emotional harm and no physical injury must show that the emotional harm was a "direct, rather than a consequential result of the breach [of the duty of care], and the claim must possess some guarantee of genuineness." *Taggart v. Costabile*, 14 N.Y.S.3d 388, 398 (2d Dep't 2015).

In this case, as stated *supra*, the only allegation in the Amended Complaint referencing the UFT alleges that the UFT "used a 'hands off' policy" towards Green prior to the DOE seeking to terminate his employment. AC ¶ 47. Therefore, these claims fail on the merits, as the Amended Complaint includes neither specific nor negligent conduct by the UFT that meets the high bar of proving IIED or NIED.

Additionally, Green failed to plead sufficient allegations to state an IIED claim or an NIED claim against the UFT under *Martin v. Curran*, 303 N.Y. 276 (1951). As set forth above, *Martin v. Curran* holds that, under Section 13 of the New York General Associations Law, "a union cannot be held liable for intentional torts absent a showing that every member of the union ratified the alleged tortious conduct." *Sales v. New York City Transit Auth.*, No. 08 CIV. 3420 (LAP), 2010 WL 87758, at *6 (S.D.N.Y. Jan. 7, 2010) citing *Martin*, 303 N.Y. at 282. "[I]t has long been held that actions against a union for 'tortious wrongs' are limited 'to cases where the individual liability of every single member can be alleged and proven.'" *Salemeh v. Toussaint*, 2003 WL 23945600 at *1 (Sup. Ct. N.Y. Cty. 2003) *aff'd as modified sub nom.* 810 N.Y.S.2d 1 (2006) (citing *Martin*, 303 N.Y. at 282).

In *Goodman v. Port Authority of New York & New Jersey*, a union member sued his union alleging intentional infliction of emotional distress, among other claims. *Goodman v. Port Auth. of New York & New Jersey*, No. 10 CIV. 8352, 2011 WL 3423800, at *10 (S.D.N.Y. Aug. 4, 2011). The court dismissed the claim under *Martin*, holding that the union is an unincorporated voluntary labor organization and that the complaint was devoid of allegations

sufficient to establish that the entire membership of the union ratified, authorized or participated in the alleged misconduct. *Id*; *see also Mason Tenders Dist. Council of Greater New York v. WTC Contracting, Inc.*, No. 06 CIV. 14200 (JGK), 2007 WL 2119897 (S.D.N.Y. July 23, 2007) (dismissing state claims for tortious interference with contract against union and individual union officer and vicarious liability of union for the alleged misconduct of its officer); *U.S. Info. Sys., Inc. v. Int'l Broth. of Elec. Workers Local Union No. 3, AFL-CIO*, No. 00 CIV. 4763 (RMB), 2002 WL 91625 (S.D.N.Y. Jan. 23, 2002) (dismissing tortious interference claim against union pursuant to *Martin*); *Modeste v. Local 1199, Drug, Hosp. & Health Care Emps. Union*, 850 F. Supp. 1156 (S.D.N.Y. 1994) (dismissing pursuant to *Martin* state tort claim of assault brought by union members alleging other members assaulted them during the course of labor actions). Here, Green has failed to allege that all UFT members ratified the alleged actions taken against him; therefore, he has failed to state a claim for his IIED and NIED state tort claims.

Finally, the statute of limitations for IIED begins to run one year from the injurious act. N.Y. CPLR § 215(3). Assuming *arguendo* that the date of Green's injury was December 9, 2016, the date on which his employment with the DOE was terminated, the statute of limitations for IIED was well-expired by the time Green filed the instant action.

III.    The Amended Complaint Should Be Dismissed under FRCP 12(b)(5) for Insufficient Service of Process

It is a basic tenant of federal litigation that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co*., 484 U.S. 97, 104 (1987)). This is true of both initiating complaints and amended complaints which add a newly-named defendant. *See Bloom v. Democratic Nat. Comm*., No. 01 CIV 11598 (RWS), 2002 WL 31496272, at *2

(S.D.N.Y. Nov. 6, 2002) (amended complaint adding additional defendants dismissed for lack of sufficient service of summons).

Here, Green failed to serve a summons on the UFT, *see* Vigliotti Decl., ¶ 7,[4] as required by Federal Rule of Civil Procedure 4(c)(1), and he has failed to provide to the Court with any proof of service of a summons upon the UFT. Indeed, a review of the docket in this matter reveals that a summons was never issued for the Amended Complaint. Accordingly, the UFT has not been sufficiently served with process in this matter and the Amended Complaint should be dismissed. *See Smith v. Bray*, No. 13-CV-07172-NSR-LMS, 2014 WL 5823073, at *1 (S.D.N.Y. Nov. 10, 2014) (dismissing *pro se* complaint for lack of proper service).

Green's *pro se* status does not excuse him from the procedural requirements of Federal Rule of Civil Procedure 4(c)(1). *See McGann v. New York*, 77 F.3d 672, 674–75 (2d Cir.1996) (affirming dismissal of a *pro se* complaint for failure to comply with FRCP 4); *Gowan v. Teamsters Union (237)*, 170 F.R.D. 356, 359–60 (S.D.N.Y.1997) (dismissing action filed by a *pro se, in forma pauperis* plaintiff pursuant to Rule 4(m)). In *Bloom v. Democratic National Committee*, this Court dismissed the *pro se* amended complaint "[b]ecause no summons was served on the DNC," and thus "[plaintiff's] attempted service of process was fatally defective." *Bloom*, 2002 WL 31496272, at *2 citing *Barron v. Miami Executive Towers Assocs. Ltd. P'Ship*, 142 F.R.D. 394, 397 (S.D.N.Y.1992) ("actual receipt of both the summons and the complaint is a base requirement" of FRCP 4)).

Nor does the UFT's receipt of the Amended Complaint excuse Green's failure to effectuate sufficient service on the UFT. *See Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 373 (2d Cir.1978); *McGann* 77 F.3d at 674–75 (affirming dismissal of a *pro se*

---

[4] In considering a Rule 12(b)(5) motion to dismiss for insufficient service of process, a court is permitted to look to matters outside of the complaint to determine whether it has jurisdiction. *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y.2002).

complaint for failure to comply with FRCP 4(c) even though the defendant had actually received the summons and complaint); *Hood v. Ascent Med. Corp.*, No. 13 CIV. 628, 2014 WL 5089559, at *2 (S.D.N.Y. Oct. 9, 2014) ("A showing that a defendant had actual notice of the lawsuit is insufficient to defeat a motion to dismiss.").  Accordingly, the Amended Complaint should be dismissed for insufficient service of process.

## CONCLUSION

Based upon the foregoing, the UFT respectfully requests that the Amended Complaint be dismissed as against them, with prejudice, and for such other and further relief deemed just and proper together with costs, attorneys' fees and disbursements.

Dated: New York, New York
          December 11, 2019

Respectfully submitted,

ROBERT T. REILLY
*Attorney for Defendant United
Federation of Teachers*

By: /s/ Oriana Vigliotti
      Oriana Vigliotti (OV 6784)
      Of Counsel
      52 Broadway, 9th Floor
      New York, New York 10004
      (212) 228-3382
      ovigliot@nysutmail.org