18-CV-10817 (AT) (GWG)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUPERT GREEN,

                              Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK; and THE UNITED FEDERATION OF TEACHERS,

                              Defendants.

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT**

**JAMES E. JOHNSON**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street
New York, NY 10007

*Of Counsel*:
Shaina Wood
Yuval Rubinstein
Matter No. 2018-086303

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT

    POINT I

        THE AMENDED COMPLAINT ADDS MULTIPLE NEW CLAIMS AND OMITS PLAINTIFF'S PREVIOUS FOURTH AMENDMENT AND NEW YORK STATE CONSTITUTION CLAIMS .................................................................. 4

        A. Plaintiff's Abandoned Claims ............................................................. 4

        A. Plaintiff's New Claims in the Amended Complaint ........................... 4

    POINT II

        THE COURT HAS ALREADY ADDRESSED THE DECISION IN *CARDINALE* AND PLAINTIFF'S STIGMA PLUS CLAIM, AND THE REMAINDER OF PLAINTIFF'S NEW CLAIMS ARE NOT ADDRESSED IN THE COURT'S OPINION .................................................................. 5

        A. *Cardinale* and Plaintiff's Due Process Claim ..................................... 5

        B. Stigma Plus Claim ............................................................................... 5

        C. Plaintiff's Remaining New Claims ...................................................... 6

    POINT III

        PLAINTIFF'S NEW 29 U.S.C. § 185 AND NEGLIGENCE CLAIMS SHOULD BE DISMISSED .................................................................................... 6

        A. Plaintiff's Claim Under 29 U.S.C. § 185 Is Insufficiently Plead and Must Be Dismissed ..................................... 6

    B. Plaintiff's Negligence Claim Must Be Dismissed ................................................................................. 7

CONCLUSION ............................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**                                                                                                                          **Pages**

*Bacchus v. N.Y.C. Dept. of Educ.*,
   137 F. Supp. 3d 214 (E.D.N.Y. 2015) ...................................................................................7

*Bidnick v. Johnson*,
   253 A.D.2d 779 (2d Dep't. 1998) ..........................................................................................8

*Biggers v. Brookhaven-Comsewogue Union Free School District*,
   127 F. Supp. 2d 452 (S.D.N.Y. 2001)....................................................................................7

*Rosalie Cardinale v. The New York City Department of Education.*
   Index No. 85165/17 (Sup. Ct. Richmond Cnty. March 29, 2018 .........................................4, 5

*Cleveland Bd. Of Educ. v. Loudermill*,
   470 U.S. 532 (1985)...............................................................................................................5

Davidson v. Bronx Mun. Hosp.,
   64 N.Y.2d 59, 62 (1984) ........................................................................................................8

*Genao v. Board of Educ.*,
   888 F. Supp. 501 (S.D.N.Y. 1995) ........................................................................................8

*Hines v. Anchor Motor Freight, Inc.*,
   424 U.S. 554 (1976)...............................................................................................................7

*Moore v. City of N.Y.*,
   2010 U.S. Dist. LEXIS 19183 (S.D.N.Y. Mar. 1, 2010) .......................................................7

*Murray v. LeRoy Cent. Sch. Dist.*,
   67 N.Y.2d 775 (1986) ............................................................................................................7

*Parochial Bus Systems v. Board of Education*,
   60 N.Y.2d 539 (1983),
   *aff'd, N.Y. Bus Tours v. Kheel*, 993 F.2d 1533 (2d Cir. 1992).................................................8

*United States v. N.Y.C. Dept. of Educ.*,
   2017 U.S. Dist. LEXIS 45816 (S.D.N.Y. Mar. 28, 2017) .....................................................7

**Statutes**

29 U.S.C. § 185...............................................................................................................1, 4, 6

42 U.S.C. § 1983......................................................................................................................1

Civ. Serv. L. § 75-b..........................................................................................................1, 6, 7

**Cases**                                                                                                        **Pages**

Fed. R. Civ. Proc. 12(b)(6) ...............................................................................................1, 3

N.Y. Educ. L. § 3813(1) .......................................................................................................7

N.Y. Gen. Mun. L. § 50-e(1)(a) ............................................................................................7

## PRELIMINARY STATEMENT

Plaintiff Rupert Green ("Plaintiff"), who was formerly employed as a teacher by the Board of Education of the City School District of the City of New York, operating as the New York City Department of Education ("DOE," or "the Department"), brings this action against defendants DOE and the United Federation of Teachers ("UFT") (collectively "Defendants"). Plaintiff alleges that Defendants infringed on his due process rights in violation of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983. Additionally, Plaintiff alleges a violation of his First Amendment rights. Finally, Plaintiff alleges that Defendants engaged in retaliation in violation of Civil Service Law § 75-b, violated 29 U.S.C. § 185, and committed intentional and/or negligent infliction of emotional distress and negligence.

Defendant DOE moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF Doc. No. 44. In a December 17, 2019 Order the Court directed DOE to submit a supplemental memorandum addressing the following:

1. How, if at all, the Amended Complaint (ECF Doc. No. 14) differs from the Complaint (ECF Doc. No. 1) with respect to the allegations against DOE.

2. How the Court's opinion (ECF Doc. Nos. 28, 33) applies to the changes reflected in the Amended Complaint.

3. To the extent that the Amended Complaint is different from the Complaint and the Court's opinion foes not address the issues raised in the Amended Complaint, the defendant should specify its arguments for dismissing the new allegations of claims against DOE in the Amended Complaint.

*See* ECF Doc. No. 48.

# **STATEMENT OF FACTS[1]**

In April 2016, Defendant DOE initiated charges and specifications against Plaintiff pursuant to New York State Education Law Section 2030-a. *See Green*, annexed to the Wood Decl. as Ex. "1," at 1-2, ECF Doc No. 16. The DOE alleged that plaintiff issued inappropriate and unprofessional emails to staff in violation of the Department's internet use policy, insubordination, neglect of duty, and excessive absences during the 2014-15 and 2015-16 school years. *See id*. at 2-3. Plaintiff was accorded an evidentiary hearing before a neutral arbitrator who ultimately found Plaintiff guilty of inappropriate and unprofessional emails to staff in violation of the Department's internet use policy, insubordination, and neglect of duty. *See id.* at 2-3. Based on those findings, the arbitrator also determined that just cause existed to terminate Plaintiff's employment. *See id*. at 3. Consequently, DOE terminated Plaintiff's employment. *See id.*

Plaintiff invoked state court procedures in 2016 to reverse the arbitrator's award in the form of an Article 75 Proceeding in New York County Supreme Court. *See Green*, annexed to the Wood Decl. as Ex. "1." In that proceeding, Plaintiff alleged that the arbitrator's Award was arbitrary and capricious; and that "the disciplinary charges were brought against him in an effort to retaliate against him for 'exposing corruption and racism within the school,' and that he should be afforded 'whistleblower' status. *See id.* at 3-4. Defendant DOE cross-moved to dismiss. *See id* at 3.

In February 2018, Justice Engoron granted Defendant's cross-motion in its entirety and dismissed the Petition. Justice Engoron held that Defandant did not violate the procedures of Education Law Section 3020-a, and that the Award was based on substantial

---
[1] For Purposes of this motion only, Defendants take the Complaint's allegations as true.

evidence. Justice Engoron's Decision specifically upheld the arbitrator's conclusion that Plaintiff was not retaliated or discriminated against and was "given great leeway to pre-disciplinary correction of his conduct." *See id.* at 4-5.

Plaintiff filed a Notice of Appeal on March 13, 2018. However, this Appeal was never perfected and no further documentation was filed with the Appellate Division.

In response to Plaintiff's original Complaint, Defendant DOE filed a motion to dismiss pursuant to Federal Rule 12(b) on February 4, 2019. *See* ECF Doc. No. 14. On July 31, 2019 Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation which recommended that the Court grant Defendant DOE's motion to dismiss. *See* ECF Doc. No. 28. This Report and Recommendation was adopted in a September 23, 2019 Order of Hon. Analisa Torres. *See* ECF Doc. No. 33. On October, 2019 Plaintiff filed an Amended Complaint. *See* ECF Doc. No. 34. Defendant DOE has now moved to dismiss pursuant to rule 12(b)(6). *See* ECF Doc. No. 44.

# ARGUMENT

## POINT I

**THE AMENDED COMPLAINT ADDS MULTIPLE NEW CLAIMS AND OMITS PLAINTIFF'S PREVIOUS FOURTH AMENDMENT AND NEW YORK STATE CONSTITUTION CLAIMS**

**A.   Plaintiff's Abandoned Claims**

The original Complaint contained allegations under the 4th Amendment, 5th Amendment, and Article I of the New York State Constitution. These claims are not contained in the Amended Complaint. Additionally, Carmen Fariña, former Chancellor of the DOE was named as an individual defendant in the Complaint, and is not named in the Caption of the Amended Complaint.

**B.   Plaintiff's New Claims in the Amended Complaint**

In the Amended Complaint, the Plaintiff adds an allegation under 29 U.S.C. § 185 violation, a Due Process "stigma plus" claim, and a claim that Defendants engaged in negligence.

The Plaintiff also submitted as an exhibit to the Amended Complaint a letter from New York State United Teachers ("NYSUT") to Felicia Alterescu, discussing the court's decision in *Rosalie Cardinale v. The New York City Department of Education*. Index No. 85165/17 (Sup. Ct. Richmond Cnty. March 29, 2018).

# POINT II

**THE COURT HAS ALREADY ADDRESSED THE DECISION IN *CARDINALE* AND PLAINTIFF'S STIGMA PLUS CLAIM, AND THE REMAINDER OF PLAINTIFF'S NEW CLAIMS ARE NOT ADDRESSED IN THE COURT'S OPINION**

A.     *Cardinale* **and Plaintiff's Due Process Claim**

The Amended Complaint discusses the state-court *Cardinale* case at length, and then mentions the above-referenced letter to Ms. Alterescu where a NYSUT attorney wrote that it would be "unethical" to rely on *Cardinale* because "there were so many decisions against [it] already made." *See* Amended Complaint at ¶ 33. The prior Opinion of this Court already ruled on the applicability of *Cardinale* to Plaintiff's argument, holding that the *Cardinale* court misinterpreted the Court's holding in *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532 (1985), and that a tenured public employee is entitled only "to oral or written notice of the charges against him, and explanation of the employer's evidence, and an opportunity to present his side of the story," *id.*, at 546. The Court's Opinion concluded that "[b]ecause [Plainitff] was afforded these procedures, his due process claims should be dismissed on the merits." *See* ECF Doc. No. 28, p. 20. Therefore, Plaintiff's new allegations and Exhibit regarding the *Cardinale* case have already been addressed by the Court and should be dismissed.

B.     **Stigma Plus Claim**

The Amended Complaint alleges that Plaintiff suffered a "loss of reputation" without due process of law, and makes an allegation of a "stigma plus" claim. A previous "stigma plus" claim was directly addressed by this Court, and found to be without merit. *See* ECF Doc. No. 28, p. 23-25. The Court concluded that the statement about the Plaintiff's reputation must be sufficiently public to create or threaten a stigma. *See id.* at p. 24. In the

Amended Complaint, the Plaintiff makes no allegation that there has been a public statement about his reputation, other than the brief assertion that he has suffered "damage to his professional reputation." *See* Amended Complaint at ¶ 60. Therefore, Plaintiff's "stigma plus" claim must be dismissed.

C.   **Plaintiff's Remaining New Claims**

In the Amended Complaint, the Plaintiff adds allegations of a 29 U.S.C. § 185 violation, and a claim that Defendants engaged in negligence. These claims were not asserted in the Complaint.

However, both Plaintiff's original Complaint and the Amended Complaint contained claims of intentional and negligent infliction of emotional distress, and a claim under NY State Civil Service Law § 75-b. These claims were already dismissed without prejudice, *See* ECF Doc. No. 28, p. 26, and as negligence is a state law claim, the Court can be considered as addressing this claim when it stated that "the court should decline to exercise jurisdiction over [Plaintiff's] remaining state law claims." *See* id. Nonetheless, the new negligence claim is addressed on the merits in the section below.

## POINT III

**PLAINTIFF'S NEW 29 U.S.C. § 185 AND NEGLIGENCE CLAIMS SHOULD BE DISMISSED**

A.   **Plaintiff's Claim Under 29 U.S.C. § 185 Is Insufficiently Plead and Must Be Dismissed**

Plaintiff alleges in the Amended Complaint a violation of 29 U.S.C. § 185, "specifically the Labor Management Relations Act Section 301". *See* Amended Complaint, ECF Doc. No. 34, ¶ 1. This claim is never fleshed out or explained, and although 29 U.S.C. § 185 is

the subheading for Plaintiff's fourth claim for relief, it is not mentioned in the text that follows. *See* Amended Complaint, ECF Doc. No. 34, ¶ 46-48.

Although 29 U.S.C. § 185 governs actions between unions and employers for breach of a collective bargaining agreement, the Act contemplates not only suits between unions and employers, but also suits by individual employees to vindicate "uniquely personal" rights such as wages and wrongful discharge. *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976). However, Plaintiff makes out no claim under the Act, and points to no right or clause from the Collective Bargaining Agreement that Defendant(s) have allegedly abrogated. Therefore, his claim under 29 U.S.C. § 185 must be dismissed.

**B.     Plaintiff's Negligence Claim Must Be Dismissed**

New York State's Education Law and General Municipal Law forbid bringing any claim against a school district or its officers unless the party seeking to bring the claim first files a written notice of claim on the governing board of the school district within ninety days of the claim arising. N.Y. Educ. L. § 3813(1); N.Y. Gen. Mun. Law § 50-e(1)(a). *See also United States v. N.Y.C. Dept. of Educ.*, 2017 U.S. Dist. LEXIS 45816, at *6-7 (S.D.N.Y. Mar. 28, 2017) (citing *Bacchus v. N.Y.C. Dept. of Educ.*, 137 F. Supp. 3d 214, 234 (E.D.N.Y. 2015). A Plaintiff must plead and prove compliance with the notice of claim requirement, and failure to do so is grounds for dismissal. *See Moore v. City of N.Y.*, 2010 U.S. Dist. LEXIS 19183, at *27-29 (S.D.N.Y. Mar. 1, 2010); *Biggers v. Brookhaven-Comsewogue Union Free School District*, 127 F. Supp. 2d 452, 454 (S.D.N.Y. 2001).

Notice of claim requirements are strictly construed. *See Murray v. LeRoy Cent. Sch. Dist.*, 67 N.Y.2d 775 (1986). Consequently, if a litigant fails to properly file a notice of claim, he will be deemed to have failed to satisfy a necessary condition to initiate his claim and a

proceeding thereafter filed will be dismissed. *See Davidson v. Bronx Mun. Hosp.,* 64 N.Y.2d 59, 62 (1984*); Sangermano v. Board of Cooperative Educ. Services,* 290 A.D.2d 498 (2d Dep't. 2002*); Bidnick v. Johnson,* 253 A.D.2d 779 (2d Dep't. 1998). Courts are without power to disregard failure to comply with notice of claim requirements, even to avoid a harsh result. *See Parochial Bus Systems v. Board of Education*, 60 N.Y.2d 539, 548 (1983), *aff'd, N.Y. Bus Tours v. Kheel*, 993 F.2d 1533 (2d Cir. 1992).

Here, Plaintiff has failed to plead that he filed a notice of claim. Accordingly, the negligence claim asserted in the Complaint should be dismissed for failing to plead or file a notice of claim. However, even if he had filed a Notice of Claim the Amended Complaint still fails to properly articulate a claim for negligence. Rather, the due process contentions are re-stated as a negligence claim.

"In order to establish a claim of negligence, plaintiff must demonstrate each of following elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Genao v. Board of Educ.*, 888 F. Supp. 501, 505 (S.D.N.Y. 1995) (internal citations omitted). The Amended Complaint fails to identify what duty owed by DOE to the Plaintiff, instead claiming that there was a "non-delegable duty to utilize reasonable care and judgement in performance of [defendants'] respective responsibilities and obligations with respect to the Plaintiff." *See* Amended Complaint, ECF Doc. No. 34, ¶ 57. However, there is no proven "duty to utilize reasonable care" that the DOE owes to employees, and public entities such as the DOE, under the doctrine of sovereign immunity, cannot generally be held liable for breach of their governmental duties. *See Genao,* 888 F.Supp. at 505. The disciplining (and termination) of teachers in a public school is a governmental function. Therefore, Plaintiff's negligence claim against DOE must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that its motion to dismiss the Amended Complaint be granted, that the Complaint be dismissed with prejudice, that judgment be entered for Defendant, and that Defendant be granted costs, fees, and expenses together with such other and further relief as this Court deems just and proper.

Dated:     New York, New York
              January 3, 2020

Respectfully Submitted,

JAMES E. JOHNSON
Corporation Counsel of the City of New York
Attorney for Defendant Department of Education
100 Church Street, Room 2-187
New York, New York 10007
(212) 356-2440
shwood@law.nyc.gov

By: */s/ Shaina Wood*
Shaina Wood
Assistant Corporation Counsel