UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DR. RUPERT GREEN,                                       18-CV-10817 (AT) (GWG)

                Plaintiff,

       -against-

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK, and THE UNITED
FEDERATION OF TEACHERS,

                Defendants.

---

**REPLY MEMORANDUM OF LAW IN FURHTER SUPPORT OF MOTION TO DISMISS OF THE UNITED FEDERATION OF TEACHERS, LOCAL 2, AFT, AFL-CIO**

Office of Robert T. Reilly
*Attorney for Defendant United Federation of Teachers*
52 Broadway, 9th Floor
New York, NY 10004
(212) 228-3382

ORIANA VIGLIOTTI
*Of Counsel*

## CONTENTS

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT .................................................................................................................... 2

    I.    The Education Law § 3020-a Hearing Procedures that Resulted in the Termination of Green's Employment with the DOE Were Proper. ................................. 2

    II.    The UFT Did Not "Collaborate" With the DOE to Deny Green a Fair Hearing, and Green's Constitutional Claims Fail. ......................................................................... 3

CONCLUSION .................................................................................................................. 5

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of defendant United Federation of Teachers ("UFT") in further support of its motion to dismiss the Amended Complaint of *pro se* plaintiff Dr. Rupert Green ("Green") pursuant to Rules 12(b)(1), (5), and (6) of the Federal Rules of Civil Procedure.

Green wholly failed to address the arguments set forth in the UFT's Memorandum of Law in Support of the Motion to Dismiss ("UFT MOL"). Instead, the papers submitted in opposition to the motions to dismiss ("Green Response") simply repeat the conclusory allegation in the Amended Complaint that the UFT somehow colluded with defendant Board of Education of the City School District of the City of New York ("DOE") in denying Green his due process rights.

This baseless accusation does not stem from any concrete facts, nor does it have any factual support in the Amended Complaint. Rather, Green is dissatisfied with the DOE's decision to bring Education law 3020-a charges against him and is dissatisfied with the outcome of his 3020-a hearing, which resulted in Green's termination with the DOE. The UFT neither rendered the 3020-a charges against Green, nor had any involvement in deciding Green's termination. Therefore, Green's attempt to collaterally attack the outcome of his 3020-a hearing, and the subsequent New York County Supreme Court decision upholding Green's termination, does not support Green's allegations against the UFT and does not warrant review by this Court.

For the reasons already stated at length in the UFT MOL and for those set forth below, this Court should dismiss the Amended Complaint.

**ARGUMENT**

    I.    The Education Law § 3020-a Hearing Procedures that Resulted in the Termination of Green's Employment with the DOE Were Proper.

The crux of Green's complaint is his dissatisfaction with the decision of the DOE to bring Education Law § 3020-a charges against him in order to terminate his employment and the manner in which the subsequent arbitration was initiated and conducted. However, as Magistrate Judge Gorenstein painstakingly set forth in his decision recommending dismissal of Green's initial complaint against the DOE, the manner in which the DOE initiated and conducted Green's Education Law § 3020-a hearing was proper under the law, and Green was afforded due process at every step of the procedure. *See Green v. Dep't of Educ. of City of New York*, No. 18 CIV 10817 (AT) (GWG), 2019 WL 3432306, at *4–*5 (S.D.N.Y. July 31, 2019), *report and recommendation adopted*, No. 18 CIV 10817 (AT) (GWG), 2019 WL 4622077 (S.D.N.Y. Sept. 23, 2019).

Green's fixation on the decision in *Cardinale v. NYC Department of Education*, Index No. 85165-2017 (Sup. Ct. Richmond Cty., 2018), a significant outlier that has been rejected by numerous state and federal courts, is misplaced and does not serve as the basis for any claim for relief against the UFT. *See* UFT MOL at 14-18; *see also Green*, 2019 WL 3432306 at *19–*20. This Court has already determined that "Green was afforded [proper due process] procedures" and "his due process claims should be dismissed on the merits." *Green*, 2019 WL 3432306 at *9. Green cannot now relitigate that decision and his due process claims should be dismissed.

## II. The UFT Did Not "Collaborate" With the DOE to Deny Green a Fair Hearing, and Green's Constitutional Claims Fail.

In his response to the UFT's motion to dismiss, Green now states, with no factual support in the Amended Complaint, that the UFT "collaborated" with the DOE to deny him a fair hearing under Education Law § 3020-a. Green is correct that private actors such as labor unions may only be subject to suits under Section 1983 where the "private entity acted in concert with the state actor to commit an unconstitutional act" or as a "willful participant in joint activity with the State or its agents." *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (quotations omitted). However, a "merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Id.*; *see also Dorcely v. Wyandanch Union Free Sch. Dist.*, No. 06-CV-1265 (DRH) (AKT), 2007 WL 2815809, at *3–*4 (E.D.N.Y. Sept. 25, 2007) (dismissing pursuant to Rule 12(b)(6) a Section 1983 conspiracy claim alleged against a union due to conclusory nature of the allegations).

Although Green now uses the terms "collaborated" and "collusion", mere verbiage cannot save the Amended Complaint from dismissal. As set forth in the UFT's motion to dismiss, the Amended Complaint contains no factual support for any claim that the UFT colluded with the DOE to deny Green a fair hearing. *See* UFT MOL at 11. Green's contention in his response to the motions to dismiss that the "UFT/NYSUT collusion can be seen in the emails/letters of NYSUT [*sic*] Attorney Andrew Stoll[1] wherein he told SCI that Plaintiff would not speak with them, but never told Plaintiff,"[2]

---

[1] Andrew Stoll is an attorney in private practice. He is not employed by NYSUT. *See* https://www.stollglickman.com/our-attorneys/andrew-stoll/.

[2] Green attached to his response to the motions to dismiss numerous affidavits and exhibits not contained in the Amended Complaint, *see* Declaration in Opposition to Motion to Dismiss, dated February 17, 2020, and those exhibits and affidavits should not be considered by this Court. A Rule 12(b)(6) motion to dismiss challenges only the face of the pleading. Thus, in deciding such a motion to dismiss, "the Court must limit its analysis to the four corners of the complaint." *Vassilatos v. Ceram Tech Int'l, Ltd.*, 92 Civ. 4574, 1993 WL 177780 at *5 (S.D.N.Y. May 19, 1993) (citing *Kopec v. Coughlin*, 922 F.2d 152, 154–55 (2d Cir. 1991).

3

Green Response at 45, is not supported by any allegation in the Amended Complaint and cannot save the Amended Complaint from dismissal. Although *pro se* complaints are to be liberally construed, and courts apply a more flexible standard to evaluate their sufficiency, "[n]evertheless, the Court need not accept as true 'conclusions of law or unwarranted deductions of fact.'" *Mazurkiewicz v. New York City Health & Hosps. Corp.*, No. 09 CIV 5962 WHP, 2010 WL 3958852, at *3 (S.D.N.Y. Sept. 16, 2010) (citing *Lerman v. Bd. of Elections*, 232 F.3d 135, 140 (2d Cir. 2000 and quoting *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994)).

Further, Green's assertion in his response to the motions to dismiss that he "was not told beforehand that NYSUT attorney Andrew Stoll told SCI that plaintiff refused to be interviewed, resulting in the subsequent termination of plaintiff", Green Response at 8, is of no moment. As Green himself notes in his response to the motions to dismiss, Arbitrator Leah Murphy terminated Green's employment for his "arrogant and oppositional refusal to stop sending" harassing emails to DOE staff. *See* Green Response at 16. Green's continued dissatisfaction with Arbitrator Murphy's decision to terminate his employment, and the New York Supreme Court's refusal to reverse that decision, does not support his allegations against the UFT.

Green's generalized, broad and conclusory statements do not contain the necessary "factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Amended Complaint lacks sufficient detail to render Green's claims of discrimination and retaliation plausible. *See Williams v. City Univ. of New York, Brooklyn*, No. 10 Civ. 2127, 2011 WL 6934755, at *5–*6 (E.D.N.Y. Dec. 30, 2011) (dismissing complaint based on conclusory allegations that African–Americans were held

4

to different standards from Caucasians); *Horne v. Buffalo Police Benevolent Ass'n, Inc.*, No. 07 Civ. 781, 2010 WL 2178813, at *8 (W.D.N.Y. May 28, 2010) (dismissing complaint where plaintiff failed to provide examples of similarly situated employees being treated differently); *Kwiatowski v. Polish & Slavik Fed. Credit Union*, No. 11 Civ. 3947, 2011 WL 6225390, at *3–*4 (E.D.N.Y. Dec. 12, 2011) (disregarding formulaic recitation of elements of discrimination claim).  Accordingly, Green's constitutional claims fail against the UFT.

## CONCLUSION

Based upon the foregoing and all of the papers submitted by defendant UFT in this matter, the UFT respectfully requests that the Amended Complaint be dismissed as against it, with prejudice, and for such other and further relief deemed just and proper together with costs, attorneys' fees and disbursements.

Dated:  New York, New York
        April 8, 2020

                                        Respectfully submitted,

                                        ROBERT T. REILLY
                                        *Attorney for Defendant*
                                        *United Federation of Teachers*

            By:    /s/ Oriana Vigliotti
                   Oriana Vigliotti (OV 6784)
                   Of Counsel
                   52 Broadway, 9th Floor
                   New York, New York 10004
                   (212) 228-3382 x.110
                   oriana.vigliotti@nysut.org