18-CV-10817 (AT) (GWG)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUPERT GREEN,

                                            Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK; and THE UNITED FEDERATION OF TEACHERS,

                                            Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT**

**JAMES E. JOHNSON**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street
New York, NY 10007

*Of Counsel*:
Shaina Wood
Yuval Rubinstein
Matter No. 2018-086303

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ii

PRELIMINARY STATEMENT ..........................................................................................1

ARGUMENT .......................................................................................................................3

    POINT I..................................................................................................................3

        THE DOCTRINES OF COLLATERAL
        ESTOPPEL AND RES JUDICATA BAR
        PLAINTIFFS CLAIMS ...............................................................................3

        A.  Collateral Estoppel and Res Judicata Mandate
            Dismissal of Factual Issues That Were
            Previously Litigated in State Court ....................................................3

    POINT II ................................................................................................................6

        PLAINTIFF'S CONSTITUTIONAL AND
        RETALIATION CLAIMS ARE DEFICIENT AND
        MUST BE DISMISSED ...............................................................................6

        A.  Plaintiff's First Amendment Retaliation Claims
            Should Be Dismissed For Failing to Plead Facts
            Plausibly Suggesting He Engaged In Protected
            Activity ................................................................................................6

        B.  Plaintiff's Procedural Due Process Claim Must
            be Dismissed .......................................................................................7

    POINT III .............................................................................................................11

        PLAINTIFF'S STATE LAW CLAIMS MUST BE
        DISMISSED ...............................................................................................11

CONCLUSION ..................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Pages**

*Blasi v. N.Y.C. Bd. of Educ.*,
   2012 U.S. Dist. LEXIS 113798 (E.D.N.Y. Mar. 12, 2012, No. 00-CV-5320) ......................... 7

*Blythe v. City of New York*,
   963 F. Supp. 2d 158 (E.D.N.Y. 2013) ......................................................................... 4

*Burkybile v. Bd. Of Educ.*,
   411 F.3d 306, 311-312 (2d Cir. 2005) ......................................................................... 5

*Cleveland Bd. Of Educ. v. Loudermill*,
   470 U.S. 532 (1985) ......................................................................... 7-9

*De Cintio v. Westchester County Medical Ctr.*,
   821 F.2d 111 (2d Cir. 1987) ......................................................................... 4

*Doe v. Village of Mamaroneck*,
   462 F. Supp. 2d 520, 543 (S.D.N.Y. 2006) ......................................................................... 10

*Dorcely v. Wyandanch Union Free Sch. Dist.*,
   665 F. Supp. 2d 178 (E.D.N.Y. 2009) ......................................................................... 6

*Dunn v. N.Y.C. Dep't of Educ.*,
   No. 115639110, 2011 N.Y. Misc. LEXIS 3918
   (Sup. Ct., N.Y. Cnty. July 27, 2011) ......................................................................... 8

*Green v. N.Y.C. Bd./Dept. of Educ.*,
   Index 102017/2016 (N.Y. Sup. Ct. Engoron, J., decided Feb. 20 2018) ......................... 4

*Haas v. N.Y.C. Bd./Dept. of Educ.*,
   No. 110190/11, 2012 N.Y. Misc. LEXIS 1590
   (Sup. Ct. N.Y. Cnty. Apr. 4, 2012) ......................................................................... 8

*Le Clair v. Saunders,*
   627 F.2d 606 (2d Cir. 1980) ......................................................................... 10

*Massaro v. N.Y.C. Dep't of Educ.*,
   481 F.App'x 653 (2d Cir. 2012) ......................................................................... 6

*Matusick v. Erie County Water Auth.*,
   757 F.3d 31 (2d Cir. 2014) ......................................................................... 11

*Monell v. Dep't of Soc. Servs. of City of New York*,
   436 U.S. 658 (1978) ......................................................................... 7

**Cases**  **Pages**

*Pina-Pena v. N.Y.C. Dep't. of Educ.*,
   No. 100517/13, 2014 NY Misc. LEXIS 1630
   (Sup. Ct. N.Y. Cnty. Apr. 4, 2014) .................................................................................... 8

*Saunders v. NYC Dep't of Educ.*,
   2010 U.S. Dist. LEXIS 71500 (E.D.N.Y. July 15, 2010) ..................................................... 4

*Smith v. City of N.Y.*,
   130 F. Supp. 3d 819 (S.D.N.Y. 2015) ................................................................................. 6

*Woodlock v. Orange Ulster B.O.C.E.S.*,
   281 F. App'x 66 (2d Cir. 2008) ........................................................................................... 6

**Statutes**

29 U.S.C. § 185 ........................................................................................................................... 1

42 U.S.C. § 1983 ......................................................................................................................... 1

Civ. Serv. L. § 75-b ........................................................................................................ 1, 11, 12

Educ. Law § 3020-a ............................................................................................................ *passim*

Fed. R. Civ. Proc. 12(b)(6) ......................................................................................................... 1

N.Y. Educ. L. § 2590-h (19) ...................................................................................................... 8

N.Y. Educ. L. § 2590-h (38) ...................................................................................................... 8

# PRELIMINARY STATEMENT

Plaintiff Rupert Green ("Plaintiff"), who was formerly employed as a teacher by the Board of Education of the City School District of the City of New York, operating as the New York City Department of Education ("DOE," or "the Department"), brings this action against defendants DOE and the United Federation of Teachers ("UFT") (collectively "Defendants"). Plaintiff alleges in the Amended Complaint that Defendants infringed on his due process rights in violation of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983. Additionally, Plaintiff alleges a violation of his First Amendment rights. Finally, Plaintiff alleges that Defendants engaged in retaliation in violation of Civil Service Law § 75-b, violated 29 U.S.C. § 185, and committed intentional and/or negligent infliction of emotional distress and negligence. Defendant DOE moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff submitted a Memorandum of Law in Opposition to Defendant's motion that further demonstrates his claims are meritless. For the reasons set forth below, the Court should grant Defendant's motion to dismiss.

Collateral estoppel bars Plaintiff's claims under the 1st and 14th Amendments to the United States Constitution and under the New York State Education Law. These claims and matters were fully asserted, litigated and decided, on the merits, in Plaintiff's previous state-court Article 75 proceeding, *Green v. N.Y.C. Bd./Dept. of Educ.,* Index No. 102017/2016, (N.Y. Sup. Ct. Engoron, J., decided Feb. 20, 2018 (hereinafter referred to as "*Green*").[1]

---

[1] Judicial notice may be taken of Plaintiff's prior New York State litigation and the resulting judicial opinion. Accordingly, the unreported decision in *Green v. N.Y.C. Bd./Dept. of Educ.,* Index No. 102017/2016, (N.Y. Sup. Ct. Engoron, J., decided Feb. 20, 2018) is annexed to the Declaration of Assistant Corporation Counsel Shaina Wood ("Wood Decl." as Exhibit "1," ECF Doc No. 16.

Similarly, Plaintiff's 1st and 14th Amendment, retaliation, negligence, and intentional and negligent infliction of emotional distress claims are barred by *res judicata*. These claims arise out of the same operative facts that formed the basis of the claims alleged in his prior proceedings. Because Plaintiff could have asserted these claims in *Green* but failed to do so, they are now barred by *res judicata* and must be dismissed.

Moreover, the Amended Complaint must also be dismissed for failing to plead facts plausibly suggesting that Defendant discriminated, retaliated or violated Plaintiff's right to free speech, infringed upon a protected liberty or property interest, subjected Plaintiff to intentional or negligent infliction of emotional distress, or engaged in negligent behavior or retaliation. Plaintiff's state-law claims must also be dismissed for failure to plead or file a notice of claim and for being time-barred.

**ARGUMENT**

**POINT I**

**THE DOCTRINES OF COLLATERAL ESTOPPEL AND RES JUDICATA BAR PLAINTIFFS CLAIMS**

A.  **Collateral Estoppel and Res Judicata Mandate Dismissal of Factual Issues That Were Previously Litigated in State Court**

As Defendant DOE previously asserted, Plaintiff's claims are barred by the doctrines of collateral estoppel and *res judicata*. *See* Defendant DOE's Memorandum of Law in Support of their Motion to Dismiss the Amended Complaint, ECF Doc. No. 44, at p. 4-6. Although Plaintiff engages in a lengthy discussion in his Opposition papers regarding the collateral estoppel and *res judicata* standard he believes applies, he gives scant reasoning for why the doctrines should not apply to his Amended Complaint.

Plaintiff argues without support that none of his claims "have been litigated or even discussed" in the prior decisions of Arbitrator Murphy or Justice Engoron. *See* Plaintiff's Opposition to Defendant's Motion to Dismiss the Amended Complaint ("Opp."), ECF. Doc. No. 54, at p. 19. However, Plaintiff's Amended Complaint raises factual issues which were previously decided against him in a New York State Supreme Court Article 75 proceeding (*Green*). Plaintiff alleges that: (1) the DOE failed to comply with New York Education Law section 3020-a procedure, thus violating his due process rights, (2) Because DOE failed to comply with section 3020-a, the arbitrator did not have subject matter jurisdiction to proceed, (3) the arbitrator was biased against him, (4) the arbitrator's decision was irrational or otherwise arbitrary or capricious, (5) the arbitrator incorrectly found just cause for his termination, and (6) DOE's conduct was intentional, made in retaliation, and a crusade to maliciously harm Plaintiff. Plaintiff raises the same factual issues in the instant matter. *Compare* Amended Complaint, ECF

Doc. No. 34, ¶¶ 2, 26, 28, 41, *with Green v. N.Y.C. Bd./Dept. of Educ.*, Index 102017/2016, (N.Y. Sup. Ct. Engoron, J., decided Feb. 20 2018), annexed to the Wood Decl. as Ex. "1."

The State court in *Green* actually and necessarily considered and decided the aforementioned issues and found them lacking merit. *See Green v. N.Y.C. Bd./Dept. of Educ.*, Index 102017/2016, (N.Y. Sup. Ct. Engoron, J., decided Feb. 20 2018), annexed to the Wood Decl. as Ex. "1." Moreover, as a general matter, courts within the Second Circuit have held that Article 75 proceedings afford plaintiffs "full and fair opportunity" to litigate issues. *See Blythe v. City of New York*, 963 F. Supp. 2d 158, 175 (E.D.N.Y. 2013); *Saunders v. NYC Dep't of Educ.*, 2010 U.S. Dist. LEXIS 71500 at *43-44 (E.D.N.Y. July 15, 2010). Therefore, Plaintiff's claims regarding Section 3020-a procedures, due process, the arbitrator who presided over his evidentiary hearing, the arbitrator's decision, as well as allegations of retaliation and a desire for "whistleblower" status, are each barred in the instant proceeding by collateral estoppel. *See De Cintio v. Westchester County Medical Ctr.*, 821 F.2d 111, 116-117 (2d Cir. 1987) (retaliation claims precluded where plaintiff "had an adequate opportunity to litigate the retaliation issue in his Section 75 hearing"); *Blythe*, 963 F. Supp. 2d at 175 (holding in part that "Plaintiff's second and third arguments [regarding lack of probable cause and hearing officer bias] are barred by the doctrine of collateral estoppel because they were raised and rejected in plaintiff's Article 75 petition to vacate the arbitration award.").

Although collateral estoppel and *res judicata* preclude Plaintiff from relitigating claims that were or could have been raised in his Article 75 proceeding, they also provide preclusive effect to the findings and conclusions of the Arbitrator in his Section 3020(a) hearing. Plaintiff contends that "a 3020-a Arbitration is not a Court…" in an attempt to argue against the application of collateral estoppel or *res judicata*. *See* Opp. at p. 22. However, this ignores the

holding of *Burkybile v. Bd. of Educ.,* in which the court determined that a "3020-a hearing is an administrative adjudication that must be given preclusive effect." 411 F.3d 306, 311-312 (2d Cir. 2005). Therefore, collateral estoppel and *res judicata* should be applied to not only Plaintiff's previous Article 75 proceeding in State court but also the 3020-a hearing Decision and Award.

# POINT II

## PLAINTIFF'S CONSTITUTIONAL AND RETALIATION CLAIMS ARE DEFICIENT AND MUST BE DISMISSED

### A. Plaintiff's First Amendment Retaliation Claims Should Be Dismissed For Failing to Plead Facts Plausibly Suggesting He Engaged In Protected Activity

Plaintiff's Complaint asserts that he was retaliated against in violation of his rights under the First Amendment to the Federal Constitution, due to his "exercising his freedom of speech as a citizen with regard to matters of public concern" at the school. *See* Amended Complaint at ¶ 36. In his Opposition, Plaintiff continues to argue that in the emails he was terminated for, he was speaking as a private citizen and that his speech had a broader public purpose. *See* Opp. at 33. However, this assertion fails to prove that his speech was protected under the First Amendment, and Defendants have previously demonstrated how Plaintiff's First Amendment claim necessarily fails because "it is well established that a teacher's communications made within internal school channels about the teacher's working conditions… are deemed to be pursuant to the teacher's official duties and therefore do not constitute First Amendment protected speech." *Smith v. City of N.Y.*, 130 F. Supp. 3d 819, 832 (S.D.N.Y. 2015). *See also Massaro v. N.Y.C. Dep't of Educ.*, 481 F.App'x 653, 655-56 (2d Cir. 2012) (teacher's complaints regarding sanitary and health conditions in her classroom were not protected speech); *Woodlock v. Orange Ulster B.O.C.E.S.*, 281 F. App'x 66, 68 (2d Cir. 2008) (counselor's communications regarding lack of physical education and art classes were not protected speech); *Dorcely v. Wyandanch Union Free Sch. Dist.*, 665 F. Supp. 2d 178, 207 (E.D.N.Y. 2009) (teacher's complaints of insufficient educational and instructional resources and inappropriate curriculum were not protected speech).

Even assuming that Plaintiff engaged in email advocacy for matters of "public concern," *See* Amended Complaint, ECF Doc. No. 34, ¶ 2, actions "undertaken in the course of performing [his] job are activities pursuant to official duties," and therefore cannot be deemed First Amendment protected speech. *Blasi v. N.Y.C. Bd. of Educ.*, 2012 U.S. Dist. LEXIS 113798, at *99 (E.D.N.Y. Mar. 12, 2012, No. 00-CV-5320).

Further, although Plaintiff attempts for the first time in his Opposition to plead that his constitutional rights were violated due to "an official policy, practice or custom," this argument is unsuccessful with regard to his First Amendment claim. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-692 (1978). While Plaintiff vaguely asserts that "since 2002 there has been deficits to the procedures used in 3020-a arbitration" and cites a link to a video where Chancellor Fariña speaks about the Section 3020-a process, he fails to point to any policy, practice, or custom that relates to stifling or retaliating against protected speech. Opp. at p. 34 . Accordingly, Plaintiff fails to plausibly allege both that his speech was protected and that his rights were violated pursuant to an official policy, practice, or custom, and therefore he fails to state a First Amendment claim.

**B.    Plaintiff's Procedural Due Process Claim Must be Dismissed**

Plaintiff continues to argue that his termination was a violation of his due process rights, and claims in his Opposition that he had a right to have probable cause determined on his Section 3020-a charges by an Executive Session of the school board. *See* Opp. at 23-32.

The Opposition relies heavily on the *Cardinale* case previously discussed in the prior opinion of this Court. As held in the initial Report and Recommendation, the *Cardinale* court misinterpreted the Supreme Court's holding in *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532 (1985), and a tenured public employee is entitled only "to oral or written notice of the charges against him, and explanation of the employer's evidence, and an opportunity to present

his side of the story," *id.*, at 546. As the Report and Recommendation concluded, "[b]ecause [Plainitff] was afforded these procedures, his due process claims should be dismissed on the merits." *See* ECF Doc. No. 28, p. 20.

Plaintiff continues to argue the inapplicability of the provisions of New York Education Law §§ 2590-h (19) and (38) which specifically grant the Chancellor the authority to "exercise all of the duties and responsibilities of the employing board as set forth in section three thousand twenty-a of this chapter with respect to any member of the teaching or supervisory staff," and to "delegate the exercise of all such duties and responsibilities to all of the community superintendents of the city district." N.Y. Educ. Law § 2590-h (38); *see also Dunn v. N.Y.C. Dep't of Educ.*, No. 115639110, 2011 N.Y. Misc. LEXIS 3918, at *72 (Sup. Ct., N.Y. Cnty. July 27, 2011) (In "unambiguous terms," the statutory provisions of the Education Law "allow the Chancellor to delegate his or her powers with respect to [§ 3020-a].").

It is well-established that the Chancellor of the DOE is thus authorized by New York Education Law to delegate his or her power to determine probable cause and initiate section 3020-a proceedings against a tenured employee to the community superintendents, who lawfully may further delegate those responsibilities to local principals within their districts. *See Pina-Pena v. N.Y.C. Dep't. of Educ.*, No. 100517/13, 2014 NY Misc. LEXIS 1630, *9-*11 (Sup. Ct. N.Y. Cnty. Apr. 4, 2014) ("Notably, this argument has already been cast aside by other trial courts in recent years"); *Haas v. N.Y.C. Bd./Dept. of Educ.*, No. 110190/11, 2012 N.Y. Misc. LEXIS 1590, at ***3-***4 (Sup. Ct. N.Y. Cnty. Apr. 4, 2012) ("the Hearing Officer was authorized to conduct the Education Law § 3020-a proceeding on the basis of the charges preferred by the principal of petitioner's school"). Plaintiff points to an affidavit he made opposing the procedural errors of his 3020-a proceeding, which was allegedly ignored by the

arbitrator. *See* Opp. at 29. Defendant DOE did not address this affidavit in its opening Memorandum of Law because it is a mis-interpretation of the legal authority cited herein and in the Court's Report and Recommendation, and is duplicative of Plaintiff's arguments in the Amended Complaint. Although Plaintiff would like the Court to ignore all other legal authority and strictly follow the legal analysis in *Cardinale*, the Court has already declined to do so in its previous Report and Recommendation. Plaintiff's affidavit submitted at his Section 3020-a hearing does not provide for an independent due process claim and is merely another forum in which he chose to memorialize his arguments against the current Education Law statutory provisions and 3020a procedures.

Plaintiff also argues that he had a "constitutional property interest in his educational licenses," which were "effectively taken away." *See* Opp. at 40. This statement is false, as Plaintiff was terminated from the DOE following a Section 3020-a hearing but the arbitrator made no decision on (and has no authority over) Plaintiff's educational licenses that come from New York State. Even construing Plaintiff's allegations broadly to implicate that his property interest in his job was impermissibly taken away, this claim fails. As stated above, before a property interest in continued tenured employment is taken away, an employee is owed only "oral or written notice of the charges against him, and explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). As Plaintiff indisputably received these rights throughout the course of his 3020-a hearing, there was no violation of his due process rights.

Finally, Plaintiff's allegations that the arbitrator in his 3020-a hearing was biased and acted in excess of authority, *see* Opp. at 31, are properly adjudicated in an Article 75 proceeding in State court, and these claims have already been litigated and decided by Justice

Engoron in *Green*. They are barred by collateral estoppel and res judicata, as discussed in Section I, *supra*.

C. **Plaintiff Fails to Successfully Argue an Equal Protection Claim Under a Selective Enforcement Theory**

Plaintiff presents a new Equal Protection claim for the first time in his Opposition papers, that of selective enforcement due to either his race (Black) and/or his exercise of his First Amendment rights. *See* Opp. at 39-40. A selective enforcement claim arguing differential treatment due to exercise of First Amendment rights necessarily fails because Plaintiff's emails were not protected speech under the First Amendment, as argued in Section II(A), *supra*. With regards to Plaintiff's claim that he was treated more harshly due to his race, Plaintiff's only evidence for his argument is the allegation that two non-Black teachers engaged in similar misconduct and yet they received less severe discipline. *See* Opp at p. 38. To plead a "selective enforcement claim" under *Le Clair v. Saunders,* 627 F.2d 606 (2d Cir.1980), a plaintiff must allege "that they were treated differently than an identifiable, similarly situated group of individuals for malicious reasons, including but not limited to racial prejudice." *Doe v. Village of Mamaroneck,* 462 F. Supp. 2d 520, 543 (S.D.N.Y. 2006).

Even assuming, *arguendo*, that the two teachers referenced by Plaintiff are similarly situated comparators, Plaintiff does not even attempt to show that "such selective treatment was based on… race." Plaintiff merely states "Plaintiff is black" and then transitions into an argument regarding First Amendment whistleblower activities. *See* Opp. at 38. The connection between Plaintiff's race and his allegedly harsher punishment for email misuse is mentioned in a single sentence before Plaintiff abandons this argument and focuses on his status as a whistleblower. The allegation, made for the first time in the Opposition, that Section 3020-a

was selectively enforced due to racial prejudice, is insufficiently plead and cannot survive a Motion to Dismiss.

## POINT III

### PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED

Plaintiff's Opposition does not address what is most fatal to his state law claims- both that he failed to file or plead a notice of claim, and that the one-year statute of limitations has expired. These considerations mandate that the Court dismiss all of Plaintiff's state law claims.

Plaintiff specifically discusses his claim under Civil Service Law §75-B, which prohibits retaliatory action by public employers. He claims that he has plead all essential elements of a §75-B claim and therefore Defendant's motion to dismiss should not be granted. *See* Opp. at p. 47. However, even if this claim was not barred by the statute of limitations or Plaintiff's failure to file a notice of claim, Plaintiff's whistleblower claims were addressed in both his Section 3020-a hearing and the Article 75 Proceeding, and therefore collateral estoppel applies to the factual determinations rendered. *See Matusick v. Erie County Water Auth.*, 757 F.3d 31, 46 (2d Cir. 2014). Specifically, Justice Engoron held that Plaintiff's argument that he should be afforded "whistleblower" status was unavailing, and stated how the hearing officer had considered this argument but deemed it unpersuasive. *See Green*, annexed to the Wood Decl. as Ex. "1," at p. 4. As Plaintiff's whistleblower status has already been denied by the DOE hearing officer and New York County Supreme Court, this Court should dismiss any §75-b claims as precluded by collateral estoppel.

Plaintiff additionally does not fall under the purview of §75-b as his emails were not "protected speech" for the reasons discussed in Section II(A), *supra*. Therefore, his §75-b claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that its motion to dismiss the Complaint be granted, that the Complaint be dismissed with prejudice, that judgment be entered for Defendant, and that Defendant be granted costs, fees, and expenses together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 8, 2020

Respectfully Submitted,

JAMES E. JOHNSON
Corporation Counsel of the City of New York
Attorney for Defendant Department of Education
100 Church Street, Room 2-108
New York, New York 10007
(212) 356-2440
shwood@law.nyc.gov

By: */s/ Shaina Wood*
Shaina Wood
Assistant Corporation Counsel