UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

DR. RUPERT GREEN,

                      Plaintiff,

                                                      18-CV-10817 (AT) (GWG)

       -v-

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK and UNITED
FEDERATION OF TEACHERS,

                      Defendants.
───────────────────────────────────────────────

**RESPONSE OF UNITED FEDERATION OF TEACHERS LOCAL 2, AFT, AFL-CIO TO OBJECTIONS TO THE REPORT AND RECOMMENDATION**

Office of Robert T. Reilly
*Attorney for Defendant United Federation of Teachers*
52 Broadway, 9th Floor
New York, NY 10004
(212) 228-3382

ORIANA VIGLIOTTI

*Of Counsel*

**PRELIMINARY STATEMENT**

This memorandum of law is respectfully submitted pursuant to Rule 72(b) of the Federal Rules of Civil Procedure by defendant United Federation of Teachers, Local 2, AFT, AFL-CIO ("UFT") in response to *pro se* plaintiff Rupert Green's Objections ("Green Objections") to the Report and Recommendation of Magistrate Judge Gorenstein ("Report and Recommendation" or "R&R") issued on June 17, 2020.

Green's complaint before this Court stems from his dissatisfaction with the decision of the Board of Education of the City School District of the City of New York ("DOE") to bring Education Law § 3020-a disciplinary charges against him and the subsequent termination of his employment with the DOE. Green, through his initial complaint, amended complaint, and now his objections to the Report and Recommendation, is attempting to take an umpteenth bite at the apple of overturning the termination decision. In his objections, Green continues to allege that he was not afforded due process during his Education Law 3020-a hearing. He also alleges, again, that the DOE and UFT worked in "partnership" to deprive him of his rights and cause him emotional distress. These conclusory arguments simply rehash allegations Green made in his original opposition papers and cannot meet the standard necessary for this Court to reject or modify the Report and Recommendation.

As explained below, Green's objections do not meet the requisite standard, and this Court should adopt Magistrate Judge Gorenstein's Report and Recommendation and grant the UFT's motion to dismiss.

## STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under Federal Rules of Civil Procedure 72(b), a party may file "specific written objections" to a magistrate judge's findings and recommendations. Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* the parts of a Report and Recommendation to which there are specific objections. *See* Fed R. Civ. P. 72(b)(3). "Objections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects." *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.1997) (citations and quotations omitted). "Objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (citations and quotations omitted). If a party's objections are "conclusory or general, or simply reiterate original arguments," the Court reviews the Report and Recommendation for clear error. *Id*.

The objections of *pro se* parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." *Greenfield v. Tomaine*, No. 09-CV-8102 (CS)(PED), 2011 WL 2714219, at *1 (S.D.N.Y. July 12, 2011) (quoting *Howell v. Port Chester Police Station*, No. 09-CV-1651(CS)(LMS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010)). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Id.* (citations and quotations omitted).

## ARGUMENT

### I. Magistrate Judge Gorenstein Correctly Found that Green's Education Law § 3020-a Hearing was Proper

As stated above, the DOE brought Education Law § 3020-a charges against Green, and after a hearing in front a neutral arbitrator, the arbitrator terminated Green's employment with the DOE. Green's objections to the Report and Recommendation rehash the same argument from his original papers that he was not afforded due process before and during his 3020-a hearing. *See* Green Objections at 4-15. Green once again relies on an oft-criticized, significant outlier, *Cardinale v. NYC Department of Education*, Index No. 85165-2017 (Sup. Ct. Richmond Cty. 2018) to justify his due process argument.

In the Report and Recommendation, Magistrate Judge Gorenstein correctly noted that the Court "previously found that Green received all the process he was due" and that Green did not "actually allege new facts that would change [the Court's] determination. Instead, Green relies heavily on [*Cardinale*] which the Court previously rejected as unpersuasive." R&R at 10; *see also Green v. Dep't of Educ. of City of New York*, No. 18 CIV 10817 (AT) (GWG), 2019 WL 3432306, at *8–*9 (S.D.N.Y. July 31, 2019), *report and recommendation adopted*, No. 18 CIV 10817 (AT) (GWG), 2019 WL 4622077 (S.D.N.Y. Sept. 23, 2019).

In his objections, Green does not allege new facts regarding due process violations that warrant review by this Court. As this Court made clear in *Port Chester Police Station*, a *pro se* plaintiff's objections to a Report and Recommendation are properly dismissed where the plaintiff seeks to merely relitigate a prior argument. *Port Chester Police Station*, 2010 WL 930981, at *1. This is exactly what Green attempts to do in his objections, and thus, his objections fail and the Report and Recommendation should be adopted.

## II. Magistrate Judge Gorenstein Correctly Found Green's Constitutional Law Claims Fail Against the UFT

Green's objections assert that the UFT is a state actor, and that the UFT worked in "partnership" with the DOE to deny Green a fair 3020-a hearing. *See* Green Objections at 16-17. Green does not explain how a private entity such as the UFT is a state actor, nor does he explain how the UFT allegedly acted in concert with the DOE to deny Green of his rights. *See Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (private actors such as labor unions may be subject to suit under Section 1983 where the "private entity acted in concert with the state actor to commit an unconstitutional act . . . merely conclusory allegation[s] that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity"). Instead, Green once again rehashes a conclusory allegation from his original papers that the UFT somehow colluded with the DOE.

Magistrate Judge Gorenstein correctly found that Green "has not pled any facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act. Thus, the UFT cannot be liable for the First and Fourteenth Amendment claims." R&R at 14 (internal quotations and citations omitted). Green has not set forth any competent objection to this finding and Magistrate Judge Gorenstein's Report and Recommendation should be accepted.

## III. Magistrate Judge Gorenstein Correctly Found that Green's Duty of Fair Representation and State Law Claims Fail

Green states that the UFT and DOE failed to monitor "the unsubstantiated claims made against the Plaintiff; in screening them before taking action against a teacher[.]" Green Objections at 16. However, as Judge Gorenstein correctly found, the UFT was not Green's employer and did not have any say whatsoever in preferring 3020-a charges against Green. *See* R&R at 14. To the

4

extent that the alleged failure to screen any "unsubstantiated claims" can be construed as a breach of the UFT's duty of fair representation, Magistrate Judge Gorenstein correctly found that this Court does not have subject matter jurisdiction over duty of fair representation claims. *See* R&R at 14-15.

## CONCLUSION

Based upon the foregoing and all of the papers submitted by defendant UFT in this matter, the UFT respectfully requests that the Report and Recommendation be accepted in total and the Amended Complaint be dismissed as against it, with prejudice, and for such other and further relief deemed just and proper together with costs, attorneys' fees and disbursements.

Dated: New York, New York
August 20, 2020

Respectfully submitted,

ROBERT T. REILLY
*Attorney for Defendant*
*United Federation of Teachers*

By: /s/ Oriana Vigliotti
Oriana Vigliotti (OV 6784)
Of Counsel
52 Broadway, 9th Floor
New York, New York 10004
(212) 228-3382 x.110
Oriana.Vigliotti@nysut.org