USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/30/2020_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. RUPERT GREEN,

           Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK; and THE UNITED FEDERATION OF TEACHERS,

           Defendants.

18 Civ. 10817 (AT) (GWG)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Rupert Green, brings this action against Defendants, the Department of Education (the "DOE") and the United Federation of Teachers (the "UFT"), alleging violations of 42 U.S.C. § 1983, 29 U.S.C. § 185, the First and Fourteenth Amendments of the United States Constitution, parallel provisions of the New York State Constitution, and state law. Am. Compl., ECF No. 34. Defendants separately move to dismiss the complaint. *See* ECF Nos. 43, 45. On June 17, 2020, the Honorable Gabriel W. Gorenstein issued a report and recommendation (the "R&R") recommending that this Court grant Defendants' motions to dismiss. R&R at 1, ECF No. 62. For the reasons stated below, the Court ADOPTS the R&R in its entirety. Defendants' motions to dismiss are GRANTED. The complaint is DISMISSED with prejudice as to Plaintiff's federal claims. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, Plaintiff's state law claims are DISMISSED without prejudice.

## BACKGROUND[1]

Plaintiff, formerly a tenured teacher employed by the DOE, taught at the School of Cooperative Technical Education ("Coop Tech") from 2001 to 2016. Am. Compl. ¶¶ 13–26. During that time, Plaintiff sent emails to the staff of Coop Tech concerning various topics. *Id.* ¶ 28. For 15 years, Plaintiff was a member of the UFT, and served as a UFT delegate. *Id.* ¶ 2. On November 5, 2015, the assistant principal of Coop Tech filed a complaint against Plaintiff with the DOE's Special Commissioner of Investigation ("SCI"), alleging that Plaintiff had violated the DOE's email and internet use policy by, *inter alia*, sending emails that the assistant principal considered "harassing" and "inflammatory." Art. 75 Decision at 1; *see also* Am. Compl. ¶ 22. On January 28, 2016, the principal of Coop Tech separately filed a complaint against Plaintiff with the SCI, alleging the same misconduct. Art. 75 Decision at 1; *see also* Am. Compl. ¶ 23. Following an investigation, the SCI investigator substantiated both complaints. Art. 75 Decision at 1; *see also* Am. Compl. ¶ 24.

The DOE subsequently issued nine formal charges against Plaintiff, and an arbitrator was assigned to Plaintiff's disciplinary proceedings. Art. 75 Decision at 1–2. The arbitrator concluded that termination was appropriate. *Id.* at 2. Plaintiff was later fired. Am. Compl. ¶ 27. Plaintiff alleges that the UFT did not protect him from baseless attacks, and from being wrongfully charged and terminated. *Id.* ¶ 3.

On November 19, 2018, Plaintiff commenced this action against the DOE and former Chancellor of the DOE Carmen Farina. On July 31, 2019, Judge Gorenstein issued a Report and

---

[1] The Court presumes familiarity with the facts and procedural history, which are set forth in the R&R, and, therefore, only briefly summarizes them here. *See* R&R at 2–3. The facts are taken from the amended complaint, the R&R, and the Court's September 23, 2019 Order, ECF No. 33.

Recommendation, recommending dismissal for failure to state a claim, with leave to amend the complaint. ECF No. 28. On September 23, 2019, this Court adopted that Report and Recommendation. ECF No. 33.

On October 22, 2019, Plaintiff filed his amended complaint. *See* Am. Compl. The amended complaint removes Farina as a defendant and adds the UFT as a defendant. *Id*. at 1. The amended complaint alleges that Defendants violated Plaintiff's First and Fourteenth Amendment rights. *Id*. ¶¶ 35–37, 49–54. The amended complaint also alleges that the UFT violated 29 U.S.C. § 185. *Id*. ¶¶ 46–48. Plaintiff brings state law claims for intentional and negligent infliction of emotional distress, harassment, and negligence, *id*. ¶¶ 43–45, 55–60, and a claim alleging that Defendants violated N.Y. Civ. Serv. Law § 75-b, *id*. ¶ 38–42. The amended complaint asserts new claims under 29 U.S.C. § 185 against the UFT and a negligence claim, which were not alleged in the original complaint. Defendants separately move to dismiss the complaint. On June 17, 2020, Judge Gorenstein issued an R&R recommending that this Court grant Defendants' motions to dismiss. R&R at 1. Plaintiff submitted objections to the R&R. Pl. Second Obj., ECF No. 66. Defendant UFT filed a response. ECF No. 69.

**DISCUSSION**

I. <u>Standard of Review</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v.*

*Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014).  Objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal."  *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (internal quotation marks and citation omitted); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review.").  The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record."  *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).  "[S]ubmissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted).

    II.    <u>Plaintiff's Objections</u>

Plaintiff objects to the R&R on the grounds that (1) the R&R failed to address his procedural due process claims relating to the time period before the arbitration began, including the determination of probable cause; (2) the R&R failed to address his First Amendment claim to speak as a private citizen on matters of public concern; (3) the R&R failed to address the fact that Plaintiff received an "extreme punishment" at his hearing because he is a black male teacher while others were treated differently; (4) the R&R improperly dismissed the claim of "stigma plus"; and (5) the R&R improperly dismissed claims against the UFT.  Pl. Obj. at 2.

The Court finds that Plaintiff's objections either restate arguments he previously made, or are conclusory and vague and "fail to state any specific basis for not adopting the R&R."

*Petrovic v. Comm'r of Soc. Sec.*, No. 15 Civ. 2194, 2016 WL 6082038, at *1 (S.D.N.Y. Oct. 14, 2016) ("Even construing Plaintiff's objections to the R&R broadly because he is proceeding *pro se*, his objections are conclusory, vague, and fail to state any specific basis for not adopting the R&R."). As such, the Court reviews the R&R for clear error. *See Brown v. Peters*, No. 95 Civ. 1641, 1997 WL 599355, at *2–3 (S.D.N.Y. Sept. 22, 1997) (reviewing report and recommendation for clear error where the plaintiff's objections "simply re-state[d] the relief sought and the facts on which [the plaintiff] ground[ed] his complaint"); *Schoolfield v. Dep't of Corr.*, No. 91 Civ. 1691, 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994) (holding that objections to a report and recommendation were not specific because they were "conclusory" and only stated that the report and recommendation was "wrong and unjust"); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("It is improper for an objecting party to attempt to relitigate" arguments made "before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments . . . ." (internal quotation marks and citation omitted)).

The Court finds no clear error in the R&R. Plaintiff's first, second, and third objections merely restate arguments Plaintiff made in his amended complaint. *See* Am. Compl. ¶ 1 ("This is a civil action . . . for wrongful termination due to violations of Constitutionally protected rights given to him as a tenured teacher under Education Law 3020-a[,] namely to have a proper determination of probable cause before any charges were filed . . . ."); *Id.* ¶ 2 ("For 15 years he was considered an excellent teacher and UFT Delegate, until he spoke out as a public citizen on a manner of public concern . . . ."). *Id.* ¶ 5 ("Black male senior teachers are almost always terminated at 3020-a," while individuals of other races are not). Similarly, Plaintiff's fourth and fifth objections assert that his "stigma plus" claim and his claim against UFT were improperly

5

dismissed. Pl. Obj. at 2. These conclusory objections do nothing more than state that the R&R was "wrong." *Schoolfield*, 1994 WL 119740, at *2.

Accordingly, the Court ADOPTS the R&R in its entirety and DISMISSES the complaint, with prejudice.

## CONCLUSION

For the reasons stated above, the Court ADOPTS the R&R in its entirety and GRANTS Defendants' motions to dismiss. Plaintiff's complaint is DISMISSED with prejudice as to his federal claims. Plaintiff's state law claims are DISMISSED without prejudice to refiling in state court.

The Clerk of Court is directed to terminate the motions at ECF No. 43 and 45, close the case, and mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: September 30, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge

6