20-3785-cv
*Green v. Dep't of Educ.*

# In the
# United States Court of Appeals
## FOR THE SECOND CIRCUIT

_____

AUGUST TERM 2020
No. 20-3785-cv

**DR. RUPERT GREEN,**
*Plaintiff-Appellant,*

v.

**DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, THE
UNITED FEDERATION OF TEACHERS,**
*Defendants-Appellees.*[*]

_____

On Appeal from the United States District Court
for the Southern District of New York

_____

ARGUED: JUNE 4, 2021
DECIDED: OCTOBER 29, 2021

_____

Before:     POOLER and MENASHI, *Circuit Judges*, and VYSKOCIL,
            *District Judge.*[†]

_____

[*] The Clerk of Court is directed to amend the caption as set forth above.

[†] Judge Mary Kay Vyskocil of the United States District Court for the
Southern District of New York, sitting by designation.

Plaintiff-Appellant Rupert Green, proceeding pro se, appeals the judgment of the district court entered on September 30, 2020, dismissing his First Amendment retaliation claim, procedural due process claim, and equal protection claim against the Department of Education of the City of New York and the United Federation of Teachers for failure to state a claim and dismissing his duty of fair representation claim under 29 U.S.C. § 185 for lack of subject matter jurisdiction. The district court also declined to exercise supplemental jurisdiction over Green's claims based on New York State law. We hold that the district court properly dismissed Green's First Amendment retaliation claim, procedural due process claim, and equal protection claim for failure to state a claim pursuant to Rule 12(b)(6). Because Green abandoned his "stigma-plus" due process claim on appeal by failing to address it in his opening brief, we decline to address it. With respect to Green's duty of fair representation claim, we affirm the district court's dismissal with prejudice but clarify that the claim should have been dismissed for failure to state a claim rather than for lack of subject matter jurisdiction. We **AFFIRM** the judgment.

———————

RUPERT GREEN, pro se, St. Albans, New York, *for Plaintiff-Appellant.*

JONATHAN A. POPOLOW *for* James E. Johnson, Corporation Counsel of the City of New York, New York,

New York, *for Defendant-Appellee* Department of Education of the City of New York.

ORIANA VIGLIOTTI, Law Office of Robert T. Reilly, New York, New York, *for Defendant-Appellee* United Federation of Teachers.

_____

PER CURIAM:

Appellant Dr. Rupert Green ("Green"), proceeding pro se, appeals the judgment of the U.S. District Court for the Southern District of New York (Torres, J.) entered September 30, 2020, dismissing his First Amendment retaliation claim, procedural due process claim, and equal protection claim against the Department of Education of the City of New York ("DOE") and the United Federation of Teachers ("UFT") for failure to state a claim and dismissing his duty of fair representation claim under 29 U.S.C. § 185 against the UFT for lack of subject matter jurisdiction. The district court declined to exercise supplemental jurisdiction over Green's claims based on New York State law. We affirm.

**I**

Green, an African-American male, sued his former employer, the DOE, and his former union, the UFT, after he was fired from his tenured teaching position for allegedly sending harassing emails. He alleged that the defendants discriminated against him on the basis of race, retaliated against him for engaging in protected speech, denied him due process during his disciplinary proceedings, and denied him equal protection by imposing different hearing procedures for teachers working in New York City than for those working elsewhere

in the state. He also alleged that the UFT violated its duty of fair representation under the National Labor Relations Act ("NLRA"), 29 U.S.C. § 185 *et seq*.

As a preliminary matter, while "we liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (alteration omitted), pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Accordingly, a pro se litigant abandons an issue by failing to address it in the appellate brief. *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

Here, Green did not address in his opening brief his "stigma-plus" due process claim, the district court's conclusion that he failed adequately to plead facts showing that the UFT colluded with a state actor so as to subject it to liability under 42 U.S.C. § 1983, or the district court's decision declining to exercise supplemental jurisdiction over his state-law claims. These issues are therefore abandoned, and we decline to address them. *See LoSacco*, 71 F.3d at 93 ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal.").

## II

The district court dismissed Green's claim against the UFT for violating its duty of fair representation for lack of subject matter jurisdiction. The district court dismissed the claim with prejudice. Yet dismissals for lack of subject matter jurisdiction "must be without

prejudice, rather than with prejudice." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016). When subject matter jurisdiction is lacking, "the district court lacks the power to adjudicate the merits of the case," and accordingly "Article III deprives federal courts of the power to dismiss [the] case with prejudice." *Id.* at 54–55.

In this case, however, we conclude that the claim should have been dismissed for failure to state a claim rather than for lack of subject matter jurisdiction. We therefore affirm the district court's dismissal with prejudice.

This court reviews *de novo* a district court's decision dismissing a complaint for lack of subject matter jurisdiction, construing the complaint liberally and accepting all factual allegations in the complaint as true. *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006); *Close v. State of New York*, 125 F.3d 31, 35 (2d Cir. 1997) ("When reviewing a district court's determination of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), we review factual findings for clear error and legal conclusions *de novo*."). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000).

Green asserted a claim against the UFT pursuant to the NLRA, as amended by the Labor Management Relations Act ("LMRA"). *See* 29 U.S.C. § 185(b) (providing that a "labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States"). "The duty of fair representation is a 'statutory obligation' under the NLRA, requiring a union 'to serve the interests of all members without hostility or discrimination …, to exercise its discretion with complete good faith and honesty, and to

5

avoid arbitrary conduct.'" *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)). "A union breaches its duty of fair representation if its actions with respect to a member are arbitrary, discriminatory, or taken in bad faith." *Id.* at 388. The "duty of fair representation arises from the National Labor Relations Act," *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 373 (1990), specifically from "the grant under [29 U.S.C. § 159(a)] of the union's exclusive power to represent all employees in a particular bargaining unit," *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 87 (1989) (internal citation omitted); *see also Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364, 376 n.22 (1984) ("A union's statutory duty of fair representation … is coextensive with its statutory authority to act as the exclusive representative for all the employees within the unit."). As the statute makes clear, however, public employees are not covered by the NLRA. *See* 29 U.S.C. § 152(2) (exempting from the definition of employer "any State or political subdivision thereof"); *id.* § 152(3) (defining "employee" as one who works for an employer as defined by the statute); *id.* § 152(5) (defining "labor organization" as one in which "employees participate" for the purpose of "dealing with employers").

We have made this point in a published opinion to "make clear beyond peradventure that this is the law of our Circuit." *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009). We previously held in summary orders that public employees are not covered by the NLRA. *See, e.g., Baumgart v. Stony Brook Children's Serv.*, 249 F. App'x 851, 852 (2d Cir. 2007); *Majeske v. Cong. of Conn. Cmty. Colleges*, 166 F.3d 1200, 1998 WL 907915, at *2 n.2 (2d Cir. 1998); *Smith v. United Fed'n of Teachers*, 162 F.3d 1148, 1998 WL 639756, at *1 (2d Cir. 1998). And the Supreme Court has similarly recognized that "the National

6

Labor Relations Act specifically exempts States and subdivisions (and therefore cities and their public school boards) from the definition of 'employer' within the Act." *Police Dep't of Chic. v. Mosley*, 408 U.S. 92, 102 n.9 (1972); *see also NLRB v. Nat. Gas Util. Dist.*, 402 U.S. 600, 609 (1971).

In this case, Green was an employee of the DOE, which is a "political subdivision" of New York and thus not subject to the NLRA. 29 U.S.C. § 152(2). Because Green cannot allege that he is an employee under the NLRA, his complaint fails to state a claim for a violation of the statute and should have been dismissed pursuant to Rule 12(b)(6).

We recognize that we have sometimes referred to the NLRA as denying "jurisdiction" over claims by public employees. *See, e.g.*, *Smith*, 1998 WL 639756, at *1 ("Because there is no federal jurisdiction over the employer, there is no jurisdiction over the companion claim of breach of the duty of fair representation."). "'Jurisdiction,' it has been observed, 'is a word of many, too many, meanings,'" and it has been "commonplace for the term to be used" imprecisely to refer to statutory limitations that are not strictly jurisdictional. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90 (1998) (quoting *United States v. Vanness*, 85 F.3d 661, 663 n.2 (D.C. Cir. 1996)). The Supreme Court has instructed that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006). Courts should be especially careful to distinguish "between two sometimes confused or conflated concepts: federal-court 'subject-matter' jurisdiction over a controversy; and the essential ingredients of a federal claim for relief." *Id.* at 503; *see also Butcher v. Wendt*, 975 F.3d 236, 249 (2d Cir. 2020) (Menashi, J.,

7

concurring in part and concurring in the judgment) ("[I]t is important to recall that it has been 'commonplace' in judicial opinions for the word 'jurisdiction' to refer to limitations that are not truly jurisdictional, such as the elements of a cause of action.").

In this case, Congress has not limited the subject matter jurisdiction of the federal courts. It has defined the requirements of a cause of action under the NLRA to extend only to circumstances in which the employer is not a state or a political subdivision of a state. Because Green cannot allege that he worked for an "employer" under the Act, he fails to state a claim, and his complaint is properly dismissed under Rule 12(b)(6).[1]

Accordingly, we affirm the district court's dismissal with prejudice of Green's duty of fair representation claim.

## III

Green also asserts claims under 42 U.S.C. § 1983 against the DOE for: (1) violations of his procedural due process rights in the initiation and conduct of the disciplinary proceedings resulting in his termination; (2) equal protection violations premised on

---

[1] In *Ford*, we held that the "language of the LMRA makes plain [that] public employees are not covered by that statute" but then affirmed a dismissal for lack of subject-matter jurisdiction. 579 F.3d at 188. We did so without addressing whether the lack of statutory coverage creates a jurisdictional limitation or, instead, defines the requirements of the cause of action. We do not believe that *Ford* established a binding precedent on the jurisdictional question because "a sub silentio holding is not binding precedent." *Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton*, 841 F.3d 133, 153 (2d Cir. 2016). As the Supreme Court has emphasized, "drive-by jurisdictional rulings of this sort … have no precedential effect." *Steel Co.*, 523 U.S. at 91.

(a) discrimination against African-American teachers, and (b) discrimination against teachers working in New York City as opposed to the rest of the state; and (3) First Amendment retaliation. The district court properly dismissed these claims for failure to state a claim pursuant to Rule 12(b)(6).

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers*, 282 F.3d at 152.

The district court correctly concluded that Green failed to allege sufficient facts to support the inference that the alleged racial discrimination and First Amendment retaliation resulted from an official custom or policy. Municipalities are liable under § 1983 only if the challenged conduct occurred "pursuant to a municipal policy or custom." *Patterson v. Cty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692–94 (1978)). To satisfy the policy-or-custom requirement, a plaintiff may challenge an "express rule or regulation," or the plaintiff may allege that the challenged practice "was so persistent or widespread as to constitute a custom or usage with the force of law" or that the facts "imply the constructive acquiescence of senior policy-making officials." *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015). However, a

9

"general and conclusory allegation" of a municipal policy or custom fails to state a plausible claim. *Id.*

Here, Green alleged generally that the DOE "target[s]" African-American male teachers "who speak out" and that these teachers are "almost always terminated" at disciplinary hearings whereas two non-African-American teachers received lesser sanctions for similar conduct. App'x 68. We agree with the district court that these allegations are insufficient to plausibly plead an official policy or custom. Green does not allege the existence of a formal policy of retaliation or disparate treatment, and the allegation that the DOE "target[s]" African-American male teachers who engage in certain speech is too conclusory to amount to a plausible allegation that this conduct amounts to an official policy or custom. *See Littlejohn*, 795 F.3d at 315.

With respect to Green's procedural due process claim, under the Due Process Clause, a "tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story" prior to the termination of his employment. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). The procedures outlined in New York Education Law § 3020-a exceed this standard by requiring "notice and a full-blown adversarial hearing" prior to the termination of a tenured teacher. *Strong v. Bd. of Educ.*, 902 F.2d 208, 211 (2d Cir. 1990); *see also* N.Y. Educ. Law § 3020-a(2), (3). Although Green argues that the DOE deviated from the § 3020-a procedures because a school principal made the initial probable cause determination, such a deviation does not amount to a federal constitutional due process violation; it is undisputed that Green received notice of the charges.

Green's argument that the arbitrator was biased also fails because due process does not require that pre-termination hearings occur before a neutral adjudicator. *See Locurto v. Safir*, 264 F.3d 154, 174 (2d Cir. 2001). Even if Green's pre-termination hearing was imperfect, the availability of a state-court proceeding to challenge the arbitration decision provided "a wholly adequate post-deprivation hearing for due process purposes." *Id.* at 175.

The district court also properly dismissed Green's claim of discrimination against public school teachers in New York City based on different procedures for selecting disciplinary hearing arbitrators. Because the relevant distinction—between teachers in New York City and teachers elsewhere in the state—does not implicate a suspect class or a fundamental right, it is subject to rational basis review and will be upheld if it "bears some rational relationship to a legitimate state interest." *Hayden v. Paterson*, 594 F.3d 150, 169 (2d Cir. 2010). The procedures satisfy this standard given the relative size of New York City's public school system.

To the extent that Green asserts a new equal protection claim on appeal due to treatment of public school employees represented by a different union, that claim is not properly before us. "It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (alteration omitted).

\* \* \*

The judgment of the district court is **AFFIRMED**.

11